**Frank C. BLISS et al., Appellants,**

v.

**CITY OF FORT WORTH et al., Appellees.**

**No. 15904.**

Court of Civil Appeals of Texas.

Fort Worth.

June 6, 1958.

See also Spradley v. Whitehall, 314 S. W.2d 615.

John T. Gano, Taylor & Rumph and Frank Taylor, Fort Worth, for appellant.

R. E. Rouer, Robert R. Goodrich, G. Gordon Whitman, John Gano, Jr., Earl C. Morgan, Lloyd W. Perkins and S. G. Johndroe, Jr., Fort Worth, for appellee City of Fort Worth.

Christopher & Bailey and M. Ward Bailey, Fort Worth, for appellee Allen J. Mallory.

Crocker & McDonald, Jack Ray, Pepper & Markward and Forest Markward, Fort Worth, for appellees V. O. Cox and others.

MASSEY, Chief Justice.

On May 23, 1958, we filed an opinion in this case. After further study of the case, we have detected certain errors in that opinion. Therefore, said former opinion is withdrawn and the following substituted therefor.

Judgment appealed from was one denying certain plaintiffs, interested property owners and mortgagees, an injunction against the City of Fort Worth from issuing any building permits under amendatory Ordinance 3328, which re-zoned an area within the City from residential to commercial uses, and to set aside, annul and invalidate said ordinance. The plaintiffs appealed. The appellees are the City of Fort Worth and owners of property within the area re-zoned who are interested in the maintenance of the judgment of the court below.

This case is companion to those in which a single opinion has this day been filed with the clerk, subject matter thereof being the question of the effectiveness of restrictive covenants incident to deed and dedication of certain of the lots embraced within the area re-zoned, and the question of the enforceability of alleged contractual restrictive covenants relating to certain tracts of land not subdivided, but likewise lying within the area re-zoned. The titles of said cases are: Spradley v. Whitehall; Bliss v. Hargis, and Bliss v. Cox, Tex.Civ.App., 314 S.W.2d 615.

We have concluded that the judgment entered in the court below, and in denial of the relief sought against the City of Fort Worth and to set aside its ordinance of re-zoning, should be affirmed.

This case, in broader aspects, was before us on an appeal from summary judgment in 1956. See Bliss v. City of Fort Worth, Tex.Civ.App., 288 S.W.2d 558, writ refused n. r. e. Initially, the cause of action of said plaintiffs for injunction against

the City and others in relation to the ordinance re-zoning the area was coupled with others, whereby the same plaintiffs sought to enforce restrictive covenants incident to subdivision and deed on some of the property within the re-zoned area and to enforce asserted contractual restriction as to use of other property within the re-zoned area. Further coupled with the cause of action were actions for affirmative relief and for declaratory judgments sought by some of the appellees on this appeal along with other property owners who desired relief against restrictive covenants incident to subdivision and deed applicable to their property lying within the re-zoned area, and they intervened for these purposes. Indeed, the history of the basic controversy involved a rather haphazard evolution and growth, incident to which some parties were at varying periods on the plaintiffs' side of the docket part of the time and on the defendants' side of the docket at others.

In the trial below the cause of action for injunction against the City of Fort Worth, and to set aside and invalidate its ordinance, was joined with and inclusive of the causes of action dealt with in our opinion in the cases to which this is companion. They had all more or less evolved under the same number and style, incident to petitions of intervention filed thereunder. There had been no consolidation of separate causes of action involved, and they were all tried together. After the introduction of all the evidence, but before entry of judgment, the trial court entered an order severing the causes of action into four distinct cases, under separate numbers and styles, and four separate judgments were entered, each applicable to the case in which it was rendered and under the number and style thereof. Authority therefor is provided by Texas Rules of Civil Procedure, rule 174. No complaint is made because of the action of the court.

■ Without undue reference to our opinion on the former appeal from the summary judgment, we believe it would be well to note therefrom that we have once held that the presumption of the validity of the amendatory ordinance is to be considered as a premise upon which the case is to be tested. Therefore, the court below and this court are to so consider the amendatory ordinance and as a result thereof to recognize that the appellants have the "extraordinary burden" to show that the action of the city council in passing the ordinance was unreasonable, arbitrary or capricious, or for any reason illegal and void.

■ It is well to note, also, that the trial of the issues of fact on the merits of the case was before the trial court without the intervention of a jury. In view thereof, we are obliged to disregard admitted evidence which we might deem to have been improperly received under the theory that the trial judge likewise disregarded it after its reception in arriving at findings of fact and conclusions of law unless it is made to appear therefrom that he did not so disregard it. Some of the appellants' points are predicated upon alleged error in the reception of such evidence, but questions thereupon are pretermitted and points thereupon based are overruled since the findings and conclusions do not necessarily demonstrate that the trial judge did actually base his judgment thereon.

■ Appellants' contention is necessarily that the state of the evidence was such as should have compelled findings contrary to those made. We must necessarily so interpret appellants' points of error, for if there was any insufficiency in the evidence such would be fatal to appellants' cause since it was the appellants who carried the burden to prove that the City acted in clear abuse of its discretion in the amendment of its ordinance. City of Waxahachie v. Watkins, 1955, 154 Tex. 206, 275 S.W.2d 477. For example, appellants had the burden to prove *indisputably* facts such as: (1) that the amendment of the

City's ordinance was *not* based upon substantial evidence presenting reasonable basis for its passage; (2) that the zoning therein dealt with was discriminatory and *not* pursuant to a comprehensive plan;—but contrarily, (3) that it was arbitrary, capricious, and unreasonable; (4) that it bore no substantial relation to the public health, morals, or general welfare; (5) that it tended to create rather than to prevent the overcrowding of the land; (6) that it was calculated to destroy rather than to conserve the value of property; (7) that it interfered with and destroyed the most appropriate use of the land; (8) that it created rather than lessened congestion; (9) that there had been no substantial increase in population and no material change in the affected area as to use of the property since the city council zoned some of the neighboring area; (10) that the portion zoned for commercial use prior to the enactment of the challenged ordinance is adequate for the commercial needs of the area for many years to come; (11) that the ordinance as amended would create an island of commercial property in the midst of a residential district. See 30-A Tex.Jur., pp. 357–376, inclusive, "Municipal Corporations," the sections under XI "Police Power," Nos. 358–376, inclusive, especially 371–376, inclusive; Yokley's Zoning Law and Practice, 2nd Ed., sec. 85, "Power to amend not unlimited," and sec. 185, "Classification will not be disturbed except when unreasonable." See, also, the authorities under applicable statutes of this State discussed in our former opinion—and those cited in City of Waxahachie v. Watkins, supra.

It therefore should be recognized that appellants' burden is a heavy one indeed. From the statement of facts, however, it would appear that the evidence was introduced in many respects as though the appellees carried the burden of proof. Without detailing it or lengthening this opinion in a demonstration of what the evidence showed, we have taken notice that the contrary of the appellants' necessary case was proved by appellees upon the matter of the rezoning and that the findings of fact thereupon made were fully supported in the evidence. In any event, the question is whether the appellants so indisputably established a case in their favor upon sufficient evidence, uncontroverted by any other evidence having probative force and effect, as to compel the trial judge, as the fact finder in the case, to find facts contrary to those which he did make. This they did not do, hence the findings and the conclusions of law thereupon based, on the matter of re-zoning, are fully supported in the evidence and these in turn support the judgment. Points of error by which attack is made thereupon are overruled.

■ With such action taken on such points of error, and with the effect of what we have held limiting the scope of the appeal operative to overrule if indeed not to eliminate other points as not germane to assignments of error material to the matter of the re-zoning, there is left for consideration only a single point of error.

By said point (appellants' third point of error), it is asserted that since the trial court failed to find in its conclusions of law and fact that a change of condition or in the character and use of the land in the area involved had occurred between the time when the City of Fort Worth had re-examined its comprehensive zoning plan and ordinances for the area, and revised and brought them up to date on July 14, 1954, and again on November 17, 1954, error became apparent in the amendatory ordinance of re-zoning here in question, passed on March 30, 1955, and same should have been set aside and invalidated. The contention made is that the City was confined in its hearing preliminary to enactment, and as result of which it did enact the amendatory ordinance of re-zoning on March 30, 1955, to the period of approximately four and one-half months since the amendment of November 17, 1954. According to appellants, it would only be as to

changed conditions, etc., occurring within that period that the City could consider the evidence it heard in securing a foundation for the last ordinance passed.

Appellants have labored diligently in presenting argument to this effect. However, we are of the opinion that their reliance thereon came too late. Even assuming their argument has validity, theirs was the burden of demonstrating that the Citys' authorities did pass the amendment because of changes in condition antecedent to the four and one-half month period in question. This they did not discharge. It is obvious from the statement of facts that the City enacted the amendment following a hearing in which evidence was heard concerning changes in condition, etc., wholly unconfined to the period in question, and no attempt was made to so confine it. Such evidence could have been considered in many instances as though it was related only to the four and one-half month period, or contrarily considered as though it was related to a longer period. In view thereof, the point of error fails for the same reason that appellants' other points relating to the sufficiency of evidence fail. The failure on the part of the trial court to make a finding of fact that such changes occurred within the period in question was of no benefit to appellants. Even under their theory on this point of error, they could only have been aided had the trial court made a finding that the changes occurred outside the period. This finding the trial court could not have made in view of the state of the evidence in the record. Furthermore, appellants filed no bill of exceptions to any refusal of the trial court to file any finding thereunto related. Spradlin v. Rosebud Feed & Grain Co., Tex.Civ. App., Waco 1956, 294 S.W.2d 301, writ refused, n. r. e. The point of error is overruled.

Judgment is affirmed.