**B. E. M. HOMEOWNERS ASSOCIATION,**
**Appellant,**

**v.**

**CITY OF FORT WORTH et al., Appellees.**

**No. 16448.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 1, 1963.

H. J. Loe and Ernest May, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellee City of Fort Worth.

Simon, Crowley, Wright, Ratliff & Miller, and James E. Wright, Fort Worth, for appellee Jack E. Turnbow.

LANGDON, Justice.

This appeal seeks to reverse the judgment of the trial court for failure to declare invalid an ordinance amending the comprehensive zoning ordinance of the City of Fort Worth and to enjoin uses of the property permitted by such ordinance.

Affirmed.

On October 10, 1958, soon after the area including the subject property was annexed, the City Council of the City of Forth Worth adopted ordinance No. 3965, which classified the property as "A" One-Family Residential. The acreage is located in the 5400–6200 blocks of Ederville Road. It is bounded on the north by Ederville Road and the Forth Worth-Dallas Turnpike embankment and fill, on the east by Oakhill Road, on the west by Weiler Boulevard, and on the south by a vacant tract of wooded lowland, which has a gully of considerable depth running through it. At the time the initial "A" One-Family zoning was applied, the area was in acreage, not having been subdivided into lots and blocks by filing an approved plat of record, and no plans existed for the construction of improvements thereon.

On November 29, 1958, the Meadowbrook Toll Plaza was opened a short distance west of the subject property.

On October 13, 1961, after due and proper notice, a public hearing was held by the City Council to consider an amendment to the Comprehensive Zoning Ordinance, recommended by the City Zoning Commission changing the zoning to less restrictive classification. As a result of such hearing, ordinance No. 4536 was adopted, rezoning the subject property from "A" One-Family to "C–R" Restricted apartment, "D" apartment and "E" Commercial.

On November 14, 1961, the appellant, a voluntary association of persons whose homes are located in the area, filed suit seeking judgment against appellee, City of Fort Worth, declaring that ordinance No. 4536 is null and void, and enjoining appellee, Jack E. Turnbow, from using his property for the purposes permitted by ordinance No. 4536.

By agreement all matters in controversy were submitted to the court without the intervention of a jury. It was stipulated that the City Council in adopting ordinance No. 4536 did not accept in toto the recommendations of the Zoning Commission but made changes of a more restrictive nature; that at the public hearing evidence was heard from both sides and that all procedural requirements were complied with.

The judgment of the trial court decreed the ordinance to be valid and denied the injunction against Jack E. Turnbow and this appeal was perfected. By its single point of error the appellant contends that the trial court erred in holding that the ordinance is valid because it "was altogether arbitrary, without relation to any legitimate purpose of zoning within the municipal police power."

The case of City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477, contains several basic principles to be considered by the courts in determining the validity of any zoning ordinance, namely:

"Since it is an exercise of the legislative power of the city's council, the ordinance must be presumed to be valid.

"The courts cannot interfere unless it appears that the ordinance represents a clear abuse of municipal discretion. And the 'extraordinary burden' rests on one attacking the ordinance 'to show that no conclusive, or even controversial or issuable, facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion confided to it.' (Authorities cited.)

"The presumption of validity accorded original comprehensive zoning ap-

plies as well to an amendatory ordinance. Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704. In either case the courts have no authority to interfere unless the change is clearly unreasonable and arbitrary. (Authorities cited.)

■ "If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police power. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, error dism., correct judgt. Otherwise expressed by the court in the case just cited, if the issue of validity is fairly debatable courts will not interfere.

■ "* * * the court should have due regard 'to all the circumstances of the city, the object sought to be attained and the necessity existing for the ordinance.' And if there is an issuable fact as to whether the ordinance makes for the good of the community, the fact that it may be detrimental to some private interest is not material. Edge v. City of Bellaire, Tex.Civ.App., 200 S.W.2d 224, 227, error refused."

See also Bliss v. City of Fort Worth, 314 S.W.2d 611 (Tex.Civ.App., Fort Worth), no writ history, involving the same questions.

Many factors supporting the action of the City Council in adopting ordinance No. 4536 appear affirmatively in the record. To briefly summarize, the record contains evidence, including exhibits and testimony, to the effect that (1) there has been an increase in population and traffic; (2) need for a commercial service center; (3) a decline in the value of property fronting on and adjacent to Ederville Road for "A" One-Family use and an increase in its value for apartment and commercial use; (4) Ederville Road is rapidly becoming an arterial thoroughfare due to the opening of the Toll Plaza and the southeast loop and the underpass to the toll road; (5) the size, shape and location of the subject property make it undesirable for "A" One-Family residence purposes; and (6) use of the property for apartment and limited commercial service center uses will increase the wealth of the city and tend to increase tax values. These and many other factors were placed before the City Council for their consideration, including conditions existing prior to passage of the ordinance and the anticipated future development and condition in the subject property, as well as in the related areas.

■ In reviewing the record we have concluded, (a) the appellant has failed to show any action on the part of the City Council to indicate it was arbitrary or capricious; (b) full and substantial evidence was presented to both the Zoning Commission and to the City Council in open public meetings; (c) the action of the City Council and the trial court was thorough, deliberate and well considered.

It was stipulated by counsel for all parties that a motion for summary judgment of the City, together with the affidavits and attached exhibits, may be offered in evidence. The affidavits and exhibits were not controverted or disputed by opposing affidavits or exhibits.

The Zoning Commission in recommending passage of the ordinance to the City summed up its findings as follows:

"The proposed zoning will permit development desirable as a buffer between the heavily-traveled thoroughfares and the excellent residential district. The topography prevents the proposed commercial and apartment developments having an adverse effect on existing residential developments. A well-planned neighborhood shopping center, properly buffered, tends to stabilize residential values in an area."

These findings were supported by the evidence presented before the City Council and the trial court.

As stated in the Bliss case, supra, it was the appellant which carried the burden to

prove that the City Council acted in clear abuse of its discretion in amending its ordinance, but from the statement of facts it appears that the appellees carried the burden by way of testimony and successfully demonstrated thereby that the appellant did not meet the burden of proof required of it.

By its testimony the appellant proved only that it was in disagreement with and opposed to the action of the City Council in passing the ordinance.

The record clearly showed that controversial or issuable facts were raised and resolved by the City Council and that it was therefore faced with debatable facts and conditions for its consideration.

The appellant had the "extraordinary" burden of showing that there were no controversial or issuable facts which would authorize the City Council to exercise its legislative function in adopting the ordinance complained of. It did not meet that burden.

The applicable rule has been unequivocally stated by the courts of this State in an unbroken line of decisions and is reflected in City of University Park v. Hoblitzelle, Tex.Civ.App., 150 S.W.2d 169, dismissed. There the court said:

"* * * Or, if it can be said that the evidence raises the issue of any of the material facts upon which the city authorities refused the permit, then the law delegates to the city authorities, and not to courts or juries, the power and duty of determining the sufficiency of issuable facts in the exercise of a purely governmental function. Paraphrasing the language of Judge Gaines, in the case of Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62, 2 Am.St.Rep. 505, he said: 'If there is any controversy as to the existence of the facts upon which the Board denied the.requested permit, the function of the Board was discretionary, and it cannot be compelled to grant the permit.' "

Further, to the same effect see King v. Guerra, Tex.Civ.App., 1 S.W.2d 373, Tex. Civ.App., 13 S.W.2d 908, writ dismissed, and Webb v. Dameron, Tex.Civ.App., 219 S.W. 2d 581, writ refused, n. r. e.

For the trial court to have done otherwise than to have sustained the validity of Ordinance No. 4536 would have resulted in an erroneous substitution of his opinion and judgment for that of the City Council. This Court being bound by the same rules has no legal alternative except to affirm the action of the trial court.

Affirmed.

MASSEY, C. J., not participating.