**CITY OF WAXAHACHIE**

v.

**WATKINS et al.**

No. 3134.

Court of Civil Appeals of Texas.

Waco.

Feb. 18, 1954.

Rehearing Denied March 18, 1954.

.. Warwick H. Jenkins, Waxahachie, for appellant.

Stuart B. Lumpkins, Waxahachie, for appellee.

HALE, Justice.

This is a zoning case. Appellant, the City of Waxahachie, acting in response to the application of Eldon Berry, adopted two amendatory ordinances, one on February 5th and one on February 28th of 1952, each purporting to amend the basic zoning ordinance adopted by the governing body of the city on April 6, 1937, the effect of each amendment being to change a vacant lot belonging to Berry from a "dwelling" to a "local retail" zone. Appellee, Milton Watkins, owns and occupies as his home-

stead the house and lot which adjoins the vacant lot belonging to Berry. On March 27, 1952, appellees brought this suit against appellant and Berry to cancel and annul both of the amendatory ordinances and to enjoin Berry from acting under the same. The case was tried without a jury and resulted in judgment for appellees decreeing both of the amendatory ordinances under attack to be null and void and enjoining Berry from making use of his lot for any purpose other than "dwelling" as specified in the basic zoning ordinance originally adopted by appellant.

Upon proper request, the trial court made and filed extensive findings of fact and conclusions of law which cover 32 pages in the Transcript. Among other things, the court found and concluded in substance (1) that the amendatory ordinance of February 5th was void because it was not read at the council meeting at which it was passed, the description of the property to which it related was too indefinite and it was never published as required by the charter of the city; (2) that the ordinance of February 28th was void because it had not been published as required by the charter of the city within a reasonable time after its passage and notice and hearing was not had before the Zoning Commission in regard to the same as required by Art. 1011f of Vernon's Tex.Civ.Stats.; and (3) that both of the amendatory ordinances were void because the passage of each constituted an arbitrary and unreasonable abuse of discretion on the part of the governing body of appellant, each amounted to unjustifiable spot zoning and neither was substantially related to the promotion of the health, safety, morals, or general welfare of the community involved. For the sake of brevity, we shall hereafter refer to the foregoing as the trial court's findings and conclusions Nos. 1, 2 and 3, respectively.

Eldon Berry did not appeal from the judgment rendered against him. Although appellant makes no complaint of the trial court's findings and conclusions No. 1, as above referred to, it asserts that findings and conclusions Nos. 2 and 3 are each erroneous on numerous grounds. Points one to eight, inclusive, in its brief are grouped and presented together, the substance of the contentions urged under these points being that the court's findings and conclusions No. 3, as referred to above, are erroneous because the findings therein are without support in the evidence and the holdings of the court are contrary to the applicable law.

Appellant is a home rule city. On April 6, 1937, its city council duly passed and approved a comprehensive zoning ordinance pursuant to the provisions of Arts. 1011a to 1011j of Vernon's Tex.Civ.Stats. By the terms of this basic ordinance the territorial area within the corporate limits of the city was divided into four types of use districts, viz.: (1) dwelling, (2) local retail, (3) commercial, and (4) manufacturing. The property belonging to appellees herein and the property belonging to Eldon Berry which is the subject of the two amendatory ordinances here under attack was classified and zoned in the original zoning ordinance for dwelling use as therein defined. The property belonging to Milton Watkins fronts south on Sycamore Street which extends in an east-west direction and intersects Ferris Ave. at a point approximately 287 feet east of the southeast corner of the Watkins property. The property of Eldon Berry is immediately east of the property of Milton Watkins, being described in the amending ordinance of February 28th as beginning at a point 138 feet west from the intersection of the west line of Ferris along the north line of Sycamore, thence west along the north line of Sycamore 149.6 feet, thence north 200 feet, thence east 54 feet, thence in a southeasterly direction to the point of beginning.

On May 23, 1950, appellant's city council duly passed and adopted a comprehensive amendment to the basic zoning ordinance of April 6, 1937, which changed a large area within the territorial limits of the city from dwelling to local retail use. The evidence shows that numerous changes had been transpiring within the city during that interval of time in the prevailing conditions of business, traffic and population which

fully justified the adoption of the amending ordinance. The classification of various parcels of property abutting on both sides of Ferris Ave. in the vicinity of its intersection with Sycamore Street, and other properties in other sections of the city, had been changed from time to time by spot zoning from dwelling to local retail use. However, none of the property belonging to any of the parties to this suit was re-zoned in the comprehensive amending ordinance of May 23, 1950. Milton Watkins purchased the lot in 1951 upon which he built his residence in reliance upon the basic zoning ordinance and its comprehensive amendment as the same then existed.

Pertinent to the amending ordinance of May 23, 1950, the trial court found, on what we regard as sufficient evidence, in part as follows: that prior to the passage of such ordinance appellant's zoning commission was directed to investigate the need for an increase of zoning property within the city for local retail use and the areas which should be added for such use; that the zoning commission, after conferences and consultations with various business and professional men of the city extending over more than one month, recommended the changes which were incorporated into the amending ordinance; that such ordinance "was a comprehensive amendment to the basic zoning ordinance of the City of Waxahachie, and was to provide for the foreseeable business growth of the city of Waxahachie, and was designed to eliminate spot exceptions by the City Council to the basic zoning ordinance and zoning map"; and that "conditions of business, traffic and population and all residential needs in the City of Waxahachie have not changed since said comprehensive amendment to the zoning ordinance of May 23, except that the City has continued to grow as was indicated by the trend from 1945–1950, and as was anticipated on May 23, 1950, by the City Council of the City of Waxahachie in passing the comprehensive zoning amendment of that date."

What is known as University Annex Addition in Waxahachie is bounded on the south by Sycamore Street and on the east by Ferris Ave. and U. S. Highway 77. The property of appellees is situated within this Addition. All of the property within this Addition, except that which fronts immediately on Ferris Ave. and U. S. Highway 77, is zoned for dwelling use and has been used exclusively for a number of years as residential property. The homes within this Addition and those in the vicinity south of Sycamore Street are among the most elaborate and desirable homes within the city. The evidence shows and the trial court found that if the property of Eldon Berry as described in the amendatory ordinance of February 28, 1952, were re-zoned as therein provided and placed to any business use, the hazards of traffic in the area would be increased, as would the dust, dirt, noise, exhaust fumes and lighting at night, and the existing privacy and quietness of Sycamore Street as a residential street would thereby be substantially diminished. Eldon Berry did not testify on the trial but we think the evidence shows that in all reasonable probability he would be financially benefitted by having his vacant lot re-zoned for local retail use in accordance with his application before the city council to that effect.

Under the provisions of Art. 1011a of Vernon's Tex.Civ.Stats., the power and legal authority of the legislative body of cities to zone property into use districts is restricted to the passage and adoption of such ordinances as are reasonably calculated to promote the health, safety, morals or general welfare of the community. Such power must be exercised "in accordance with a comprehensive plan". Art. 1011c of Vernon's Tex.Civ.Stats. "Comprehensive zoning" has been defined as regulation with forethought to a uniform plan or design and it is generally held to be a necessary requirement of amendatory as well as original zoning ordinances. Marshall v. Salt Lake City, 105 Utah 111, 141 P.2d 704, 149 A.L.R. 282.

It is readily apparent from the evidence in this case that neither of the amendatory ordinances of which complaint is made was designed for the purpose or

with the intention of promoting the health, safety, morals or general welfare of the City of Waxahachie as a whole, and we fail to see how either of them could have had such effect. Furthermore, neither of them was passed pursuant to any comprehensive plan for re-zoning of the city. It may well be that the members of the city council could have reasonably inferred from the evidence before them that the passage of these amendatory ordinances would not injure any of the protesting appellees as much as it would help Eldon Berry, but that is not the proper legal criterion by which to test the validity of these ordinances. On the contrary, such erroneous method, although applied in good faith, usually results in unjustifiable spot zoning.

■ In the case of Davis v. Nolte, Tex. Civ.App., 231 S.W.2d 471, 472, the court was dealing with a factual situation very similar to that which confronts us here, and the court there held the amendatory zoning ordinance to be invalid. We quote with approval from the opinion in that case, as follows: "The authorities appear to be well in agreement to the effect that when the legislative body of a city has exercised its judgment and discretion and has adopted an ordinance of the nature here involved, such ordinance is prima facie valid, and before a court can set it aside it must appear that the board acted arbitrarily, or that its action was unreasonable because of the lack of necessity for the ordinance as a promotion of the health, safety, morals or the general welfare of the community. Under such circumstances it is a question of law whether or not the ordinance is arbitrary or unreasonable. City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038; Edge v. City of Bellaire, Tex.Civ.App., 200 S.W.2d 224. (Er.Ref.)" See also Barrington v. City of Sherman, Tex.Civ.App., 155 S.W.2d 1008 (er. ref. w. m.) and cases there cited.

The statement of facts in the case before us consists of 540 pages. Obviously, we cannot set forth in this opinion even the substance of all the trial court's findings of fact and the material evidence relevant thereto. Hence it must suffice to say that after due consideration of the entire record we have concluded that the evidence as a whole was sufficient to sustain the trial court's findings and conclusions No. 3, as above set forth, and that, under such findings and conclusions, the court was warranted as a matter of law in decreeing the amendatory ordinances of February 5 and February 28, 1952, to be invalid and void. We base our decision in this respect primarily upon the holding of the Supreme Court in the case of Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704, and the numerous authorities therein cited.

In view of what we have already said, no useful purpose would be served by discussing appellant's points relating to the trial court's findings and conclusions No. 2. Consequently, notwithstanding the extended arguments of able counsel, all of appellant's points are overruled and the judgment appealed from is affirmed.

McDONALD, C. J., took no part in the consideration or disposition of this case for the reason that he presided as Trial Judge on the case in the court below.