### SKINNER v. REED et ux.

### No. 3100.

Court of Civil Appeals of Texas.
Eastland.

Feb. 26, 1954.

Sayles & Sayles, Abilene, for appellant.

McMahon, Springer, Smart & Walter, Abilene, for appellees.

LONG, Justice.

James Skinner brought this suit against Caleb Reed and wife, asking that an ordinance passed by the Board of Commissioners of the City of Abilene be declared invalid and in all things set aside. As grounds therefor, Skinner alleged that the City of Abilene passed an ordinance in 1946 which zoned all property then in the city limits and gave to the property in question a "B" zone; that thereafter, on September 4, 1953, the Board passed an amendatory ordinance changing the classification of said property from "B", which permitted only two-family residences, to "F" which per-

mitted local retail establishments. He further alleged that the amendatory ordinance was invalid because it (a) was not based on substantial evidence to justify the change; (b) was spot zoning, unconditional, arbitrary and unreasonable, having no substantial relation to public health, safety, morals or general welfare; (c) would be detrimental to plaintiff's interest and serve only defendants' private interest and (d) was not based on any substantial changes in the neighborhood since the enactment of the original zoning ordinance so as to warrant such change. Upon a trial before the court without a jury, the trial court entered judgment holding that the amendatory ordinance was in all things valid and denied Skinner any relief. From this judgment Skinner has appealed.

The sole question presented to us is whether there was sufficient evidence for the trial court to hold the ordinance valid which, in turn, presents the question of whether there was sufficient evidence to authorize the Board of Commissioners of the City of Abilene to pass the amendatory ordinance. It was stipulated upon the trial that the proper procedure was followed by the Board of Commissioners in passing the amendatory ordinance. The property involved consists of about twelve acres of land located in the northwest portion of the City of Abilene. Appellees own all of said block of land except about one acre thereof which is owned by appellant Skinner and by Mr. and Mrs. Ira Harrison. Appellant and appellees live on the block of land in question.

■ The first ground upon which appellant relies to show that the ordinance is invalid is that the Board of Commissioners did not have substantial evidence before it to justify the change. The evidence discloses that in 1946 the area to the west and northwest of the property was in pasture or farms. There were not many residences located thereon at that time. There is evidence that since 1946 that area has developed rapidly and that hundreds of homes have been built in that section. There is not a shopping center of any size near the property involved. The closest large shopping center is about nine blocks away. These, together with other facts hereinafter detailed, are sufficient to show the Board did have substantial evidence before it to justify the change.

■ The second contention of appellant is that the action of the Board was arbitrary and unreasonable and has no relation to public health, safety, morals or general welfare and that the same constitutes "Spot Zoning." We do not believe the action of the Board constituted spot zoning. The property consisted of about twelve acres of land. The major portion of the land is undeveloped. As we understand the record, there are only four houses located thereon. We do not agree that the evidence shows, that the action of the Board was arbitrary or unreasonable. There is evidence that the zoning commission of the City recommended the change in the ordinance. It is shown that prior to the passage of the amendatory ordinance, considerable evidence was heard relative thereto. All parties interested had proper notice and had an opportunity to present to the Board all the facts bearing upon the issues involved. A survey was made and it disclosed that a large majority of the people living in the neighborhood were favorable to the amendatory ordinance. Appellees signed an agreement whereby traffic was closed from their property onto Merchant Street to keep down traffic congestion in front of a school nearby. The action of the Board did bear a substantial relation to the general welfare, health and safety of the people residing in that section of the City and to the public generally. As we view the record, the retail center was established for the purpose, among other things, of keeping down the congestion of traffic. There is evidence that the retail center located at Eighth and Hickory Streets has considerable traffic congestion at all times. There are no retail centers in this section of the city where ample off-the-street parking space is provided. From this record it is disclosed that ample space will be provided on the property involved for parking auto-

mobiles off the streets. This will prevent congested traffic and will tend to make shopping more convenient and safer.

Appellant says that the establishment of a local retail center on the property would serve only the private interest of appellees and would be detrimental to his interest and to the interest of the general public. We do not agree with this contention. The evidence is uncontradicted that the establishment of retail stores on the property would enhance the value of appellant's property. There is no showing it would be detrimental to the general public.

By his fourth point, appellant says that there has been no substantial changes in the condition of the neighborhood where the property is located since the enactment of the original zoning ordinance. The record does not support this position and the same is overruled.

By Article 1011a, Vernon's Annotated Revised Civil Statutes, the City Commission is granted the power to regulate the character of buildings and businesses operated in all parts of the city. We are required to presume that the Board of Commissioners, in enacting the amendatory ordinance, acted within its authority. The burden is upon appellant to show that the ordinance was arbitrary, unreasonable and without substantial relation to the public safety, health, morals or general welfare. The trial court heard the evidence and found against the contentions of appellant. His findings have support in the evidence and we, therefore, have no authority to disturb them. This court has no authority to substitute its judgment for that of the Board of Commissioners of the City of Abilene as to the wisdom of the amendatory ordinance. This power is specifically vested in said Board and, in the absence of a showing of an abuse of discretion, it cannot be overturned. Appellant relies on Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704, by our Supreme Court. We find nothing in that case contrary to our holdings here. In that case the trial court found that the city acted arbitrarily and abused its discretion in

amending a basic zoning ordinance by changing a block from a single family residence zone to an apartment house zone. This finding was supported by the evidence and the Supreme Court held that the Court of Civil Appeals erred in reversing the judgment of the trial court. The following cases support our conclusions here: McNutt Oil & Refining Co., Inc. v. Brooks, Tex.Civ. App., 244 S.W.2d 872; Kenny v. Kelly, Tex. Civ.App., 254 S.W.2d 535; City of Dallas v. Lively, Tex.Civ.App., 161 S.W.2d 895. See also 30 Tex.Jur., Sec. 79, page 157.

We have carefully examined all points raised by appellant and find no merit in any of them.

The judgment of the trial court is accordingly affirmed.