CITY OF WAXAHACHIE, TEXAS V. MILTON WATKINS ET AL

No. A-4647. Decided January 19, 1955.
Rehearing overruled March 9, 1955.
(275 S.W., 2d Series 477)

*Warwick H. Jenkins,* of Waxahachie, for petitioner.

The Court of Civil Appeals erred in holding void the amendatory ordinances, since there was ample evidence to support the decision of the city council in re-zoning the property in question. Said court also erred in holding that said ordinances were void because the action of the city council in enacting them was a valid exercise of the police power of the city, supported by disputable facts, and the courts may not lawfully substitute their discretion for that of the appropriate legislative body, in a purely legislative matter. City of University Place v. Ellis, 134 Texas 222, 134 S.W. 2d 1038; Clesi v. Northwest Dallas Improvement Ass'n., 263 S.W. 2d 820, 827, Error refused, n.r.e.; Kenny v. Kelly, 254 S.W. 2d 535.

*Stuart B. Lumpkins,* of Waxahachie, for respondent.

The evidence showed the ordinances void as a matter of law, as an arbitrary action of the city council not substantially related to the public health, morals, safety, and general welfare of the community and not adopted pursuant to any comprehensise plan, and no public hearing on same was held before the Zoning Board, nor notice given to property owners within 200 feet of same, as required by Article 1011f, R.S. Weaver v.

Ham, 149 Texas 309, 232 S.W. 2d 704; Davis v. Nolte, 231 S.W. 2d 471; Taylor v. McLlennan County Crippled Children Ass'n. 206 S.W. 2d 632, error refused n.r.e.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This suit was filed by Milton Watkins et al, respondents, against the City of Waxahachie, petitioner, and Eldon Berry, to annul two ordinances passed by the City designed to amend its basic zoning ordinance adopted on April 6, 1937, and to enjoin Berry from taking advantage of the amendatory ordinances. The trial court rendered judgment as prayed by Watkins et al; and the Court of Civil Appeals has affirmed. 265 S.W. 2d 843. Berry did not appeal.

These ordinances were passed under the power granted the legislative bodies of cities by Art. 1011a, Vern. Anno. Civ. Stats.

The original zoning ordinances were passed as "a comprehensive plan for the purpose of promoting health, safety, morals and the general welfare of the community"; and "with reasonable consideration, among other things, to the character of the district, and its peculiar suitability for the particular uses"; with "the view of conserving the value of buildings and encouraging the most appropriate use of land throughout the community."

On basis of use, the City was divided into four clases, namely, dwelling, local retail, commercial and manufacturing, "all as shown on the zoning map which accompanies this ordinance" and which map "is hereby declared to be a part (of the ordinance) for all intents and purposes."

On Feb. 28, 1952, petitioner's City Council passed an ordinance by which it changed "part of Block 28A Williams Addition and part of Lot 5 Block 9 University Annex Addition" from its designation under the original zoning ordinance as in a dwelling district to a local retail district. That action resulted in this lawsuit.

To aid in a better understanding of this case, we insert the following plat, drawn to a scale of 1 inch to 100 feet:

The area sought to be re-zoned (less than 1/2 acre) is marked "Subject Property" and is heavily outlined in black. It faces south on Sycamore Street for a distance of 139.6 feet; its western boundary of 200 feet coincides with the eastern boundary of Plaintiff Watkins' property; its northern boundary parallels its southern boundary but is only 54 feet long, with the consequence that its eastern boundary is not parallel with its western boundary but extends obliquely 222.3 feet to the point of beginning, thus excluding the small northeast corner

of Lot 5, Block 9, but including a larger southwest corner of Block 28A.

As for the remainder of the area shown on the map to be local retail property, only the small northern tip of Block 28A facing on Highway 77 and the lots facing west on Ferris Avenue and shown to be in Ferris Second Addition were given such designation by the over-all ordinance of 1937. (They are marked "1937 Zoning Map.") All the other lots shown black were designated for building use under the 1937 ordinance and later became local retail property by numerous spot-zoning ordinances. For example, the property joining "Subject Property" on the east and not included in the 1937 ordinance and being the larger part of Block 28A was so zoned by ordinance passed June 3, 1941. The lots to the southeast of "Subject Property" and facing north on Sycamore Street and east on Ferris Avenue were re-zoned on Nov. 1, 1938, and are now occupied by a filing station and a tourist court. On the same date the triangular lot on the northwest corner of the plat, across Ovilla Road from the property of Plaintiff Lockman, was changed to local business use.

The main issue here is whether the Court of Civil Appeals erred in holding the amendatory ordinance void. Petitioner says it is not void because (1) "there is ample evidence to support the decision of the City Council in re-zoning the property"; (2) the ordinance is not arbitrary and unreasonable, since "the findings of fact of the trial court and the undisputed evidence show that such amendment was justified"; and (3) the action of the Council "was a valid exercise of the police power of the City, supported by disputable facts, and the courts may not lawfully substitute their discretion for that of the appropriate legislative body, in a purely legislative matter."

One authority notes that comprehensive zoning laws are of relatively modern origin; that in late years a veritable flood of zoning legislation has swept the country; that in the many decisions of state and federal courts dealing with such ordinances, there has been some conflict and confusion; that the tendency, however, is in the direction of extending the power of restriction in aid of city planning. 58 Am. Jur., p. 942, sec. 5.

■ With the recent rapid growth of urban centers in Texas spot-zoning cases have come to court much more frequently and many of them have got into the books. Candor compels the admission that not all of these decisions have been either enlightening or convincing. However, that situation can be explained in part,

at least, by the fact that the controlling considerations are seldom, if ever, the same in any two cases. Hence final determination of the validity of the ordinance must turn on the circumstances of each case and the character of the regulations involved. See Annotation in 149 A.L.R., pp. 292, 293.

Of course, there are basic principles which must be considered in determining the validity of any zoning ordinance.

Since it is an exercise of the legislative power of the City's Council, the ordinance must be presumed to be valid.

■ The courts cannot interfere unless it appears that the ordinance represents a *clear abuse* of municipal discretion. And the "extraordinary burden" rests on one attacking the ordinance "to show that no *conclusive,* or even *controversial* or issuable facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion confided to it." City of Dallas v. Lively, (Texas Civ. App.), 161 S.W. 2d., 895, 898, error refused, quoting from King v. Guerra (Texas Civ. App.), 1 S.W. 2d, 373, error refused.

The presumption of validity accorded original comprehensive zoning applies as well to an amendatory ordinance. Weaver v. Ham, 149 Texas 309, 232 S.W. 2d 704. In either case the courts have no authority to interfer unless the change is clearly unreasonable and arbitrary. Clesi v. Northwest Dallas Improvement Ass'n. (Texas Civ. App.), 263 S.W. 2d 820, 827, error refused, N.R.E., quoting 62 C.J.S., Municipal Corporations, p. 561, sec. 228.

■ If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the City's police power. City of Corpus Christi v. Jones (Texas Civ. App.), 144 S.W. 2d 388, error dism., correct judgt. Otherwise expressed by the court in the case just cited, if the issue of validity is fairly debatable courts will not interfere.

Have Watkins et al met their "extraordinary" burden to show that there were no controversial or issuable facts which would authorize the City Council of Waxahachie to exercise its discretion in the manner herein complained of?

This query presents a question of law, not a question of fact, and in deciding it the court should have due regard "to all the circumstances of the City, the object sought to be attained and the necessity existing for the ordinance." And if there is an issuable fact as to whether the ordinance makes for the good of the community, the fact that it may be detrimental to some private interest is not material. Edge v. City of Bellaire et al, (Texas Civ. App.), 200 S.W. 2d 224, 227, error refused.

In its application for writ of error petitioner points out many factors shown in the testimony which would support the City Council in passing the ordinance in question. Some of them are: The size, shape and location of the subject property made it undesirable for residence purposes; its contiguous relation and unitization with the tract lying immediately to the east already zoned for business purposes; the fact that all lots in that immediate area lying north, northeast, east, southeast, and south of the subject property are already devoted to business purposes; the fact that the subject property if developed in connection with the lots around it and already zoned for business would be entirely suitable for a retail shopping center and provide off-street parking for the public, which is a present need of the City of Waxahachie; the fact that use of the subject property as part of a local shopping center would lessen the congestion of traffic in the downtown area, would increase the wealth of the City by attracting new business and would tend to increase tax values in the City.

But respondents claim that the City enacted a zoning ordinance on May 23, 1950, which substantially increased the local retail area of the City with the purpose to settle the business needs of Waxahachie within the foreseeable future and thereby render spot-zoning, especially that before us, unnecessary.

In the first place, this ordinance had to do only wtih downtown Waxahachie, and made no pretense of dealing with the area ivolved in this case.

Moreover, the chairman of the City's Zoning Commission testified that in reconsidering the ordinance of May 23, 1950, "'in so far as the City as a whole was concerned that recommendation was not a comprehensive recommendation" but "was just to enlarge this area downtown that was already zoned," and that "we wanted to take care of any growth we might have in the downtown area."

As further evidence on that issue various ordinances were passed after the ordinance of May 23, 1950, three of which are in the record as defendant's exhibits.

■ We conclude, therefore, that there were issuable facts shown which tend to establish that petitioner's Council did not abuse its discretion in re-zoning the property involved here; hence its action must stand as a valid exercise of its police power.

■ Petitioner complains of the holding by the Court of Civil Appeals that the amendatory ordinance of Feb. 28, 1952, was void because it was not published within a reasonable time.

On this question it is interesting to note that of 31 amendatory ordinances passed by petitioner's Council after the basic ordinance of Apr. 6, 1937, and before the passage of the one here under attack, not one was ever published after its adoption. Nor was the ordinance of May 23, 1950, which affected a large portion of downtown Waxahachie with the purpose to take care of prospective growth, ever published.

Petitioner's charter provides: "Every ordinance imposing a penalty, fine or imprisonment, or a forfeiture, shall, after its passage and record, be published in a newspaper published in the City, and adopted by the Council as the official paper, and such ordinance shall take effect ten days after the appearance of such publication."

Petitioner argues that this provision does not apply to the ordinance at bar because the latter does not impose a penalty, fine, imprisonment or forfeiture. We are not obliged to decide that question because the ordinance was in fact published in compliance with the charter provision.

Respondents point out that this suit was filed March 27, 1952, but was not set for trial until Nov. 24, 1952; that on Nov. 15, 1952, they filed an amended petition raising for the first time the fact that the ordinance had not been published; that within two hours after he got a copy of the amended petition, petitioner's attorney went to a newspaper in Waxahachie and caused the ordinance to be published on Sunday, Nov. 16, 1952. Respondents insist that this publication, made eight and one-half months after the ordinance was passed, was not a publication within a reasonable time.

It will be noted that petitioner's charter provision, supra,

specifies no time for publication of an ordinance; neither does it provide that an ordinance shall be invalid unless or until it is published. Following an admission that there is possibly some authority to the contrary, 62 C.J.S., Municipal Corporations, p. 821, sec. 427, states: "But it has also been held that such requirements are liberally construed and that they are directory only and not mandatory if the nature of the act to be performed or the language used in the enactment does not indicate the contrary, *especially where the public is protected by the further provision that an ordinance shall not take effect until ten days after its publication.* * * * If no special time is limited as the period for publication, then it will be sufficient if it is made within a reasonable time after passage of the ordinance; and, *where there has been a publication of the ordinance, it is immaterial that several meetings of the council have taken place between the passage and the publication of the ordinance.*" (Italics ours.) Under the circumstances of this case, especially the absence of any showing that somebody was hurt by the delay, we have concluded that this quotation correctly states the law applicable to this case, so petitioner's point is sustained. See City of Corpus Christi v. Jones, supra. (144 S.W. 2d 388.)

■ Petitioner's remaining point is that the Court of Civil Appeals erred in holding that the ordinance was void because no notice was given to property owners within 200 feet of the property in question prior to the Board's recommendation to the City Council.

At the outset of this opinion we stated that respondents brought this suit to annual two ordinances designed to amend its basic zoning ordinance. One of these was that passed on Feb. 28, 1952, which we have already described. The other was enacted on Feb. 5, 1952. The two ordinances dealt with identical subject matter and all parties at interest knew they did. Both re-zoned "Part of Block 28A, Williams Addition, and part of Lot 5, Block 9, University Annex Addition, from residence to business use"; but the ordinance of February 5 did not give a correct description of the property so that it could be located on the ground. The ordinance of February 28 gave a full and accurate description of the property, by metes and bounds. If the requirements for notice and hearing were sufficient as to the ordinance of Feb. 5, 1952, we hold they were sufficient as to that of Feb. 28, 1952. It is not disputed that before its Council came up with the ordinance of Feb. 5, 1952, it had mailed written notice of the proposed change in classification of the property involved here to all owners of property lying within 200 feet

of the lot (sought to be re-zoned) or portion thereof, and had given the required newspaper publicity. That gave the matter much publicity, because the meeting was largely attended, and discussions were heated and tempers flared. That is certainly as much as could have been done by the Board of Adjustment.

Moreover, before the ordinance of Feb. 5, 1952, was passed it was recommended by the Board to petitioner's Council for passage.

Under such circumstances we find ourselves unwilling to hold that the ordinance in question was void.

Both judgments below are reversed and judgment is here rendered for petitioner.

Justice Walker not sitting.

Opinion delivered January 19, 1955.

Rehearing overruled March 9, 1955.