**Edward B. WINN, Appellant,**

v.

**Raymond D. NASHER et al., Appellees.**

**No. 4048.**

Court of Civil Appeals of Texas.

Waco.

Oct. 4, 1962.

Rehearing Denied Oct. 25, 1962.

Lane, Savage, Counts & Winn, Dallas, for appellant.

H. P. Kucera, City Atty., N. Alex Bickley, Asst. City Atty., Coke & Coke, Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

WILSON, Justice.

Validity of an ordinance of the City of Dallas, rezoning a 93 acre tract from residential to local retail use by special permit, was tested by lessee's declaratory judgment action in which summary judgment was rendered declaring the ordinance to be valid.

Appellant urges that Art. 1011f, Vernon's Ann.Tex.Civ.Stats., required notice of public hearing by the Zoning Commission to be given to all property owners residing within 200 feet of a large tract, ¾ mile in length "(meaning that owned by applicant)", between Central Expressway and Hillcrest Avenue; and not only to those owning property within 200 feet of the 93 acre tract (1800 feet in length) included in the application for zoning change.

The statute provides that such notice be sent to owners of real property lying within 200 feet "of the property on which the change in classification is proposed". In this case, in our opinion, it was not necessary to send notices to others than owners of real property lying within 200 feet of the property described in the application on which the change was proposed: "the lot (sought to be re-zoned)." City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477, 483. It is stipulated notice was sent to these.

Appellant says that Art. 1011f requires the "Zoning Commission" to hold public hearings; and that since the public hearing on the present application was conducted by only five members of the 15-member Commission composing a North Dallas sub-committee, as authorized by the regulations in the basic zoning ordinance of the City, the hearing contravened the statutory requirement. This question has been decided adversely to appellants in Nichols v. City of Dallas, Tex.Civ.App., 347 S.W.2d 326, writ ref. n. r. e.

It is contended, as we understand, that the amendatory ordinance is void because a "site plan" was neither approved

nor filed. We find no such requirement in the charter or the statutes. We think the ordinance under attack was equal in legislative force and dignity with the comprehensive ordinance, and the governing body was authorized to omit the requirement of a site plan in the present ordinance, just as it was authorized to prescribe requirements additional to those enumerated in the basic ordinance.

█ It is insisted, finally, that a fact issue was presented under Rule 166–A(c), Texas Rules of Civil Procedure, which concerned "the existence of any evidence whatsoever on the question of the public necessity for the proposed change." Although appellant states his position as being that there was "no evidence" at the hearing of such necessity, we assume his position is that a fact issue is presented as to such necessity, since the ordinance recites evidence was heard, recites its passage is required by the public interest and general welfare, and the record clearly shows evidence relating to this question was presented at the hearings.

█ In passing on the motion for summary judgment the court was governed, among others, by these settled rules: (1) the city acted in the exercise of a legislative power, and the ordinance was presumed to be valid. (2) Interference with its enforcement was not authorized unless the action of the city in its passage was "arbitrary and unreasonable", and a "clear abuse" of municipal discretion was shown. (3) The "extraordinary" burden rested on applicants, in view of the initial presumption of validity, to show that "no conclusive, or even controversial or issuable fact or condition existed which would authorize" its passage. (4) This presents "a question of law, not a question of fact." City of Bellaire v. Lamkin, 159 Tex. 141, 317 S.W. 2d 43, 45, and cases there cited. See City of El Paso v. Donohue, Tex.Sup., 352 S.W.2d 713. The record presented, under these rules, negatives existence of a genuine issue of material fact. Affirmed.