**CITY OF IRVING, Texas, Appellant,**

v.

**Walter BULL et al., Appellees.**

**No. 16167.**

Court of Civil Appeals of Texas.

Dallas.

May 31, 1963.

Rehearing Denied June 28, 1963.

C. J. Taylor, Jr., City Atty., Wells & Power, Irving, for appellant.

Wynne, McKenzie, Jaffe & Tinsley, Dallas, N. E. Grisham, Irving, for appellees.

DIXON, Chief Justice.

This is a zoning case.

In 1953 the City of Irving passed a comprehensive zoning law. In 1961 the City passed three Ordinances, Nos. 667, 668 and 669, amending the 1953 zoning law. Walter Bull and others have brought suit asking that the three amending ordinances be declared invalid.

The trial court declared two of the amending ordinances "invalid, illegal and of no force and effect." The third ordinance, No. 668, was upheld and declared valid. The City appeals from the judgment insofar as it declared two of the ordinances invalid. Bull and others appeal from the judgment insofar as it declares Ordinance No. 668 valid.

The City has filed a motion to dismiss as to most of the property described in the three ordinances. On October 18, 1962 the City Commission passed Ordinance No. 825 changing the use designation of all the property described in Ordinances Nos. 667, 668 and 669 except the property described in what is known as "Case No. 395". The motion for the City will be sustained.

As a result of the dismissal of part of the appeal the only property still remaining involved in the appeal is the following:

"BEING a tract of land out of the J. C. Read Survey Abstract #1162, the same being more fully described as follows:

"BEGINNING at a point in the South line of Highway #183 at a point 208 feet West of the West line of Britain Road; THENCE Westerly 210 feet alone the South line of Highway 183 to a point for corner; THENCE South 815 feet to a point for corner; THENCE East 210 feet to a point for corner; THENCE North 217 feet to a point for corner; THENCE East 200 feet to a point for corner in the West line of Britain Road; THENCE North 210 feet to a point for corner; THENCE West 208 feet to a point for corner; THENCE North 300 feet to the point of BEGINNING."

The above described property was rezoned by Ordinance No. 667 from a single family residence district to a light industry district.

The City in three points on appeal says that the court erred in declaring two of the ordinances invalid because the undisputed testimony shows that (1) the enactment was made after careful study and after ample testimony had been elicited before the governing body, and, further, conditions had so changed as to warrant the zoning change; (2) appellees have failed to sustain the "extraordinary" burden of showing the absence of any facts which would sustain the legislative discretion which was exercised; and (3) there were numerous changes of conditions, giving a reasonable basis for reasonable minds to differ as to the wisdom or advisability of the change, making this solely a legislative function.

Appellees argue that the two ordinances were properly declared illegal because they represented changes in zoning without the prerequisite of a change in conditions having been shown or a necessity for the zoning changes, and because the changes constituted spot zoning.

■ Courts take judicial notice of the population statistics disclosed by the United States census. 23 Tex.Jur.2d 60. In 1950 the population of the City of Irving according to the census was 2656. In 1960 its population was 45,985. Increases in population in a city are not conclusive evidence of changed conditions for zoning purposes. But such a phenomenal increase as the City of Irving has experienced in recent years is not to be overlooked in weighing the validity of changes in zoning. Goddard, et al. v. Stowers, et al., Tex.Civ.App., 272 S.W.2d 400.

■ The evidence in this case amply supports a finding that changed conditions

warranted the City's action in passing the zoning amendment. Part of the property here involved fronts on Highway No. 183, which has become a main artery of traffic between the City of Dallas and the City of Fort Worth. Since passage of the original zoning law the highway has been changed from a comparatively narrow two lane road with one lane of traffic in each direction, to an expressway with two lanes of traffic and a shoulder in each direction and access roads parallel to the expressway in each direction.

Nearby O'Connor Road, which was formerly a dead-end street, has been opened through and beyond Highway No. 183 into the City of Irving. There are business establishments now located on O'Connor Road. These are changes which may be taken into consideration when the validity of an amendatory ordinance is attacked. Goddard v. Stowers, supra.

Numerous witnesses testified, some expressing opinions favorable to the rezoning amendments, others in opposition. The area involved is at present unimproved. Though it has been zoned heretofore for single family dwellings, none has been built.

Britain Road intersects Highway No. 183. At one corner of the intersection there is a trailer rental company which is next door to the part of the involved property fronting on the highway. Immediately south of the trailer rental company is a lumber company fronting on Britain Road and backing up to the property in controversy.

Part of the land in dispute fronts on Britain Road not far from the above intersection. Across Britain Road from the trailer rental company, on another corner of the intersection, is a service station. South of the service station is a drive-in theatre. South of the theatre is an animal hospital. The animal hospital is only a few feet north across the street from the part of the involved property fronting on Britain Road. These business establishments and others in the area are said to be nonconforming uses.

One witness, a contractor who builds single family dwellings in the Irving area, testified that the property in question is not suitable for single family dwellings.

One of the witnesses for appellees testified that at the hearing before the City Commission there was some testimony of changed conditions.

An amendatory zoning ordinance is presumed to be valid. Courts have no authority to interfere unless the change is clearly unreasonable and arbitrary. If reasonable minds may differ as to the relationship of the ordinance to the public health, safety, morals or general welfare no clear abuse of the City's discretion has been shown and the amending ordinance must stand. An "extraordinary" burden rests on one attacking the ordinance to show that no conclusive or even controversial or issuable facts or conditions exist respecting the authority of the governing board to exercise its discretion. Ray v. City of Dallas, Tex.Civ.App., 343 S.W.2d 930; City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477; Skinner v. Reed, Tex.Civ. App., 265 S.W.2d 850; Clesi v. Northwest Dallas Improvement Association, Tex.Civ. App., 263 S.W.2d 820; City of McAllen v. Morris, Tex.Civ.App., 217 S.W.2d 875.

We see no merit in the contention of Bull and others that the change amounts to spot zoning. Goddard v. Stowers, supra.

Applying the above principles to the facts of this case, we sustain the City's three points on appeal. Bull's points are overruled.

The judgment of the trial court is affirmed insofar as it declares Ordinance No. 668 valid with respect to land still remaining involved in this appeal following the dismissal of part of the appeal. The judgment insofar as it declares Ordinances Nos. 667 and 669 invalid is reversed and judgment is here rendered holding said ordinances to be valid insofar as they may affect the land still remaining involved in this appeal following the partial dismissal.