**Joseph R. DARNALL et ux., Appellants,**

**v.**

**CITY OF AUSTIN et al., Appellees.**

**No. 11729.**

Court of Civil Appeals of Texas, Austin.

Feb. 18, 1970.

Rehearing Denied March 11, 1970.

Joseph R. Darnall, Jr., Austin, for appellants.

H. Glenn Cortez, City Atty., C. Charles Dippel, Asst. City Atty., Austin; Sneed, Vine, Wilkerson & Selman, John B. Selman, Austin, for appellees.

PHILLIPS, Chief Justice.

This is a suit attacking an amendment to a zoning ordinance which reclassified approximately one half of a city block of land from "A" Residential, First Height and Area, to "B" Residential, First Height and Area. The latter classification allows apartment houses. The property is within four or five blocks from the campus of the University of Texas.

The trial court denied the plaintiffs below, and the appellants here, any relief, hence this appeal.

We affirm.

Appellants' property and all property adjacent thereto on both sides of the street is zoned A. Small apartment houses under BB zoning (Between A residential and B) existed to the west of the property in question. Immediately to the south of this property the zoning is B, but the actual use of the area has been predominantly single family residential.

The zoning change was sought by the owner of the property to construct apartments for university students.

Appellants are before this Court on two points of error, briefed together, which complain that there is not sufficient evidence upon which to base the judgment, and, that "there is no absence or lack of evidence which, by absence, would support the judgment."

We overrule these points.

The City presented evidence which disclosed that the property in question lies within an area of the City of Austin designated for "apartment-type" land use. That the area was carefully studied by planning experts and the Planning Commission of the City of Austin in 1966 to lay future guidelines for "apartment-type reclassifications," consistent with the City's Master Plan.

The evidence further disclosed that the property was consistent with the Master Plan, was recommended by the City's Staff and Planning Commission, and that a definite public need did exist for such "apartment-type" zoning in the area. Further, that the rezoning to apartments would not be undesirable because of added traffic congestion.

It is common knowledge that the enrollment of the University of Texas achieved an excess of 34,000 students this year. The testimony discloses that additional housing facilities are needed in the area because of the growth of the University and because of the loss of some existing housing due to urban renewal and other public facilities that either preempted or will preempt present housing near the University.

Appellants attempted to show through cross-examination of the city's own technical witnesses that the apartment would cause traffic congestion, would tend to reduce air circulation and light, would burden sewerage facilities and that there would not be adequate parking facilities.

As stated by this Court in Burford v. City of Austin, 379 S.W.2d 671 (Tex.Civ.App., Austin, 1964, writ ref'd n. r. e.):

"[5] The authority of the courts in interfering with a municipal zoning ordinance is very limited. The proper test

to be applied is whether reasonable minds may differ.

'If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police power. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, error dism., correct judgt. Otherwise expressed by the court in the case just cited, if the issue of validity is fairly debatable courts will not interfere.'" City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477.

We hold that under the standard set out above there was ample evidence to sustain the amended ordinance.

The judgment of the trial court is affirmed.