**CITY OF LUBBOCK et al., Appellants,**

**v.**

**May Lewis STEWART et al., Appellees.**

No. 7213.

Court of Civil Appeals of Texas, Beaumont.

Dec. 17, 1970.

Hurley & Sowder, Lubbock, for appellants.

McWhorter, Cobb & Johnson, Lubbock, for appellees.

KEITH, Justice.

Appellees, the owner and lessee respectively, of certain lots situated within the

City of Lubbock (hereinafter "City"), made application to the City Planning and Zoning Commission of City and to the City Commission of Lubbock for an order changing the classification of the subject property from R–1, single family district, to C–4, commercial district. The change was denied and appellees brought suit in the District Court praying for the entry of judgment "declaring the provisions of the Zoning Ordinance of the City of Lubbock, insofar as the same pertains to plaintiffs' property herein, void and unenforceable." City duly answered and was joined by certain landowners in the area who intervened aligning themselves with City. All parties filed motions for summary judgment, supported by affidavits, photographs, maps, etc., and that of the appellees was granted while those of City and Intervenors were denied.

The trial court's judgment, tracking almost precisely the pleadings of the appellees, made extensive findings among which were the following: (a) in denying the application of appellees for a change in zoning classification from "R–1" to "C–4" District, the City Council "acted capriciously, arbitrarily and was unjustifiably discriminatory in denying the zone change requested as to "this particular property"; (b) that "there is no controversial or issuable fact or condition to be taken into consideration herein and that insofar as the lots in question are concerned, the zoning ordinance of the City of Lubbock, Texas placing said lots in an [sic] 'R–1' zone is void and unenforceable"; and, (c) that "there is no substantial reason for the zoning classification of this property as 'R–1' but to the contrary, such zoning invades the fundamental right of Plaintiffs to use the property." A further finding was made that the property was practically worthless as residential property, being situated upon one of the principal business thoroughfares of the City, adjoined by a filling station and other establishments while across the street was located a large shopping center complex.

■ It is now clear that under Texas law, a summary judgment cannot be supported by opinion evidence found in affidavits or depositions attached to the motion for summary judgment, even though the witness be an expert in his field. Broussard v. Moon, 431 S.W.2d 534, 537 (Tex.Sup., 1968); Gibbs v. General Motors Corporation, 450 S.W.2d 827, 829 (Tex.Sup., 1970).

■■ There being a presumption of validity of the zoning ordinance when it was attacked by appellees [City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477, 480 (1955)], the opinion evidence offered by the affidavits supporting the motion for summary judgment did not establish as a matter of law that the ordinance was invalid. *Gibbs,* supra. In relying upon the affidavits so filed, the trial court erred in entering judgment invalidating the ordinance as applied to the property in dispute. See the discussion of the authorities upon the subject to be found in City of Lubbock v. Whitacre, 414 S.W.2d 497, 500 (Tex. Civ.App.—Amarillo, 1967, error ref. n. r. e.), as to the rules governing zoning proceedings.

The judgment of the trial court can find support only in affidavits submitted in connection with the motions for summary judgment filed by the parties. One of the specific findings of the trial court, "that subject property is practically worthless as residential property", is supported only by the opinion testimony found in the affidavit of Ray Chapman, a real estate dealer.[1]

---

1. "I am familiar with real estate values in the City of Lubbock, Texas, and from my experience as an appraiser and as a real estate man, know the fair market value of both residential and commercial properties in Lubbock, Texas. The Stewart property which is the subject of this suit has, in my opinion, no market value for a single family residence for which it is zoned at present by the City of Lubbock, Texas. On the other hand, if said property could be used for its highest and best use and for commercial purposes situated in either C–3 or C–4 zoning

Even this testimony was controverted by opinion evidence, at least to some extent, by City's affiant, Leroy Wagner, also a real estate dealer.[2]

The points brought forward for our review[3] are broad in scope but none reach the precise point which we have discussed, namely, the inappropriateness of the summary judgment procedure in this type of action under prevailing Texas law. But, under the liberal briefing rules governing our practice,[4] it is apparent that there is error in the record and that we should not permit the judgment to stand. It is likewise clear that the case was not fully developed and in the interest of justice,[5] it is our duty to remand the same to the trial court for a full hearing in accordance with the rules governing such cases.

■ Upon a trial on the merits, with the evidence fully developed from the witnesses, the trial court will then be in position to apply the law to the facts so developed. In doing so, the court will bear in mind that the case must be tried under the substantial evidence rule of procedure in accordance with the rule laid down in line with cases exemplified by City of Waxahachie v. Watkins, supra, 275 S.W.2d at p. 480; Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704 (1950); and, City of Lubbock v. Whitacre, supra, 414 S.W.2d at p. 499. Opinion evidence of expert witnesses, received upon a trial on the merits of the controversy, can then be given the consideration and weight to which it is entitled under the ordinary rules governing such evidence. See, Board of Firemen's Relief & Retirement F. Tr. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 185 (1951); *Gibbs Case,* supra (450 S.W.2d at p. 829).

Reversed and remanded.

classifications within the City of Lubbock, Texas, its reasonable market value would be at least $50,000.00."

2. "That said property has a reasonable use as residential property, and that there are houses located on Avenue Q to the north of the property above described. That said property would also have a market value for use as commercial property, and would, in all likelihood, sell for a high price for commercial property than it will sell as residential property."

3. The points, briefly summarized, are these: (1) the trial court erred in holding that the Zoning Commission and the City Council acted capriciously, arbitrarily, and was unjustifiably discriminatory in denying the requested change in zoning; (2) the trial court erred in holding that there was no controversial fact or condition to be taken into consideration by the Zoning Commission and the City Council in denying the requested change; (3) the trial court erred in holding that there is no substantial reason for zoning the subject property "R-1"; (4) the trial court erred in finding that subject property is practically worthless as residential property, as such a finding is contrary to the greater weight and preponderance of the evidence; and (5) the trial court erred in overruling appellants' motion for summary judgment and granting that of appellees.

4. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Woodward v. Ortiz,* 150 Tex. 75, 237 S.W.2d 286, 292 (1951); Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99, 132 (1962).

5. Cf. Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.Sup., 1966).