**The CITY OF HOUSTON, the Houston Police Department and the City Attorney, Appellants,**

v.

**The HOUSTON POLICE OFFICERS ASSOCIATION, Appellee.**

**No. A14–86–328–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 24, 1986.

Rehearing Denied Aug. 28, 1986.

John R. Whittington, Jr., Brenda Loudermilk, Houston, for appellants.

Michael A. Moriarty, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

MURPHY, Justice.

This is an appeal from an order granting a temporary injunction sought by the Houston Police Officers Association (association). The court enjoined the city of Houston (city) and the Houston Police Department (HPD) from using a particular holster in law enforcement work and from purchasing additional holsters of that type; ordered the city and HPD to allow the use of a holster formerly used by HPD; and ordered the city and HPD to revise their holster selection process. In eight points of error appellants contest the propriety of this injunction. We reverse because a

state district court under these circumstances has no jurisdiction to review the discretionary selection by the city of a service holster for issue to its police officers.

On March 5, 1985, upon recommendation of the Chief of Police, Lee P. Brown, the city council approved, by motion, the purchase of Bianchi 350C revolver holsters. The city authorized additional holster purchases on various dates in 1985 and 1986. These purchases followed a three-year study by HPD. On several occasions, members of the association appeared before the city council and met privately with members of the council to express opposition to the Bianchi holsters. In each instance the council unanimously approved the holster purchase.

In July 1985 HPD began to issue the Bianchi 350C holsters and provide training in its use to officers. Officers who carried revolvers were required to turn in the flap holster previously issued and begin using the HPD-supplied Bianchi holsters or one of two approved alternative holsters.

The Association filed suit on March 10, 1986, asking the district court to enjoin the continued use of the Bianchi holster and "to replace it with a properly designed, safe revolver holster." The hearing on the temporary injunction began on March 21, 1986.

At the conclusion of the hearing on March 26, 1986, the trial court directed counsel for the parties to prepare proposed orders for the court's review. The proposed orders were tendered to the court at a hearing on April 16, 1986. At that time the court chose to enter its own order from which this appeal arose.

In points of error one and seven appellants contend that the trial court has no jurisdiction to interfere with a legislative body's discretionary act. We agree that the injunction is improper in two ways. First, a district court has very limited authority to substitute its judgment for the discretionary acts of public officials. Second, the court improperly directed a governing body in a specific method or manner of performing an action.

Fundamental to our system of government is the doctrine of separation of powers. The city council, as the local legislative body elected to enhance the welfare of the Houston citizens has empowered the Houston Police Department to provide law enforcement services. The judicial system may involve itself only in very limited circumstances.

[W]here the law visits upon a governing body the duty to exercise its sound judgment and discretion, a court has no right to substitute its judgment and discretion for the judgment and discretion of the governing body upon whom the law visits the primary power and duty to act. Of course, if such governing body acts illegally, unreasonably, or arbitrarily, a court of competent jurisdiction may so adjudge, but there the power of the court ends. *City of Shoreacres v. State of Texas*, 582 S.W.2d 211, 214 (Tex.Civ.App. —Houston [1st Dist.] 1979, ref'd n.r.e.).

Occasionally, a district court may have jurisdiction to review actions of city government, but under very limited circumstances. The supreme court has held that a trial court cannot interfere with the application or violation of a city ordinance "unless it appears that the ordinance represents a clear abuse of municipal discretion." *City of Waxahachie v. Watkins*, 154 Tex. 206, 275 S.W.2d 477, 480 (1955). The one attacking the ordinance has the extraordinary burden to show that "no conclusive, or even controversial or issuable facts or conditions" exist that would authorize the governing board of the municipality to exercise the discretion confided to it. *Id.*

The record shows that the selection of the holsters was controversial. The Houston Police Officers Association contested the selection of the Bianchi 350 before the city council. At that time, the council reviewed the selection process and heard evidence and arguments against the Bianchi 350. The council approved the decision of the police department. Even if appellees had established that appellants

clearly abused their discretion, we find no authority allowing the court to interfere by way of injunction. *Waxahachie* concerned the application or violation of an ordinance. The case at bar involves the discretionary decision making process of the Houston Police Department in selecting a particular holster for its officers. This selection process is an inherent part of the discretionary powers of the police chief and his various committees. No statute or ordinance controls this selection.

Again, our system of government limits the power of the judiciary.

A court of equity has no right to interfere with and control, in any case, the exercise of a discretionary power, no matter in whom it may be vested; a corporate body or individuals, the aldermen of a city, the directors of a bank, a trustee, executor or guardian; and I add, that meaning and principle of the rule, and the limitations to which it is subject, are in all the cases to which it applies, exactly the same. The meaning and principle of the rule are, that the court will not substitute its own judgment for that of the party in whom the discretion is vested, and thus assume to itself a power which the law had given to another.

*Stone v. City of Wylie*, 34 S.W.2d 842, 843 (Tex.Comm'n App. 1931, judgmt adopted).

■ The police chief and his committees were duly authorized to select appropriate holsters to be used by Houston Police Officers. The record is void of any evidence that this decision was made arbitrarily or capriciously. It certainly was not illegal. Moreover, it appears the holster selection was made after a lengthy investigation of the available holster choices.

■ The trial court also improperly attempted to direct the city in a specific manner of performing an action. In the case of *City of Shoreacres v. State of Texas*, 582 S.W.2d 211 (Tex.Civ.App.— Houston [1st Dist.] 1979, ref'd n.r.e.), the district court, after concluding that the city had violated the Texas Water Code, entered an order which directed the city to take specific actions in order to comply with the code and the applicable regulations. On appeal the city argued the district court had exceeded its jurisdiction. The First Court of Appeals quoted the following language:

A governing body's exercise of a discretionary power may be judicially reviewed to determine whether its action is illegal, arbitrary or capricious. Where its action is shown to be illegal or arbitrary, the court by writ of mandamus or by mandatory injunction may require the governing body to take affirmative action in order to perform its specified duties. *However it is not the trial court's proper judicial function to direct the governing body in a specific method or manner of performing the required action.* (Citations omitted). [Emphasis added].

Here, as in the *City of Shoreacres*, the court's order attempted to direct the appellants in the exercise of their discretionary duties. The court below went much further and entered mandatory orders. Appellants were told they could "not deny the officers of the Houston Police Department the privilege of using the flap holsters;" that they were to institute "a more comprehensive selection process;" and to "consult with representatives of recognized Houston Police Department officers' organizations to determine their recommendations as to the type and style of holster." All this was to be done in order to "select a holster (or modify the Bianchi Model 350 revolver holster) that is safer and that has better weapon retention security."

The order before us constitutes error in that it removed from the police chief and the city council the authority to determine what procedures should be used in any new selection process, to choose the the personnel involved, and to decide which holster should be supplied to the police officers. This was clearly a violation of the separation of powers. We cannot approve of this attempt to legislate by temporary injunction. Accordingly points one and seven are sustained and the injunction dissolved.

In light of this ruling there appears no reason to address the remaining points of error.