### R. A. LONG, Appellant,

### v.

### CITY OF CORPUS CHRISTI, Appellee.

### No. 3382.

Court of Civil Appeals of Texas.

Eastland.

June 30, 1958.

Rehearing Denied July 18, 1958.

**26**

Anderson & Porter, Corpus Christi, for appellant.

I. M. Singer, City Atty., Glenn P. Parker, Asst. City Atty., Corpus Christi, for appellee.

COLLINGS, Justice.

R. A. Long brought suit to enjoin the City of Corpus Christi from molesting him in the use of his property as a sales office building for sales of vacuum cleaners, a use which was contrary to a zoning ordinance of the City. Long alleged that the ordinance was arbitrary as applied to him. The City of Corpus Christi brought a cross-action to enjoin Long from violating its zoning ordinance. Trial was before a jury which found that the City acted arbitrarily in refusing Long's application to rezone; that there was a public need for the business zoning of his lot requested by Long; that there was a traffic congestion and a traffic hazard on Santa Fe Street at the point where Long's property is located but that the use which Long intended to make of his property would not tend to materially increase such traffic congestion or hazard. The trial court disregarded the findings of the jury and granted the motion of the City of Corpus Christi for judgment non obstante veredicto. R. A. Long has appealed.

The property involved is Lot 13, Block 3, Bayview Addition to the City of Corpus Christi, and is part of an area zoned for apartment and residential use by the original, comprehensive zoning ordinance passed by the City in 1937. A two block area of which appellant's property is a part is now situated between two business zoned districts but has retained the same apartment and residential classification since the date of the original zoning ordinance. The property was so zoned at the time appellant purchased his lot in 1942 and appellant had knowledge of the fact. In 1953 Long made application to the City for a change from apartment and residential use to a B–3 business use classification. The requested rezoning classification would have permitted appellant to use his lot as a sales office for the sale of vacuum cleaners. Appellant's 1953 application for zoning use classification change of his lot was denied.

Thereafter on December 21, 1956, a building contractor acting on behalf of appellant made application for and was issued a permit for the construction of a building on appellant's lot. Construction on this building was started in the latter part of December, 1956, and continued until January 9, 1957, at which time the City notified appellant that the construction of an office building on his lot was in violation of the City zoning ordinance and that the permit issued on December 21, 1956, was void. In compliance with an order of the City construction on the office building was stopped.

Thereafter on January 17, 1957, appellant applied to the City's Board of Adjustment, which is vested with authority to grant exceptions and variances to the provisions of the City's zoning ordinances, alleging that he had made application to the City for a building permit to erect a clinic on said lot which is located in an A–2 zone use classification where clinics are allowed to be constructed, but that the building permit was denied because the location on the lot of the proposed clinic building did not comply with side yard requirements of the City's zoning ordinance. Appellant requested the Board of Adjustment to grant a variance in his behalf relaxing the side yard requirements of the zoning ordinance

and to grant appellant the requested building permit for the erection of the clinic on his lot. On February 21, 1957, the Board of Adjustment held a public hearing on appellant's request to vary the side yard requirements and granted appellant the relief sought. It was on this basis that he was thereafter permitted to complete the building.

On or about January 17, 1957, appellant, together with the owner of the lot adjoining him immediately on the south and those who had charge of the lots adjoining appellant on the north and extending to the northwest corner of the block, made a joint application to the City's zoning and planning commission for a rezoning use classification change of their properties from an A–2 apartment district to a B–3 business district. A public hearing was held by the commission on this joint request for zoning use classification change on February 4, 1957. The zoning and planning commission after such hearing recommended denial of the joint application for zoning use change. Thereafter the city council reviewed the recommendation of the zoning and planning commission and denied appellant and his joint applicants the requested zoning use change. Appellant, alone, not joined by his co-applicants for this joint zoning use change, filed this suit against the City.

In numerous points appellant urges that the trial court erred in granting the City's motion for judgment non obstante veredicto and in refusing to grant his motion for judgment on the jury verdict.

Appellant contends that the failure and refusal of the City to rezone his property was arbitrary and unreasonable and an invalid exercise of police power. The evidence shows as contended by appellant that his property is a part of an area zoned as A–2, apartment house district. Such a district under the ordinance premitted the property to be used for the purpose of residences, boarding and lodging houses, hotels and apartment hotels, hospitals and clinics with certain exceptions, institutions of a religious, educational or philanthropical nature, private clubs, fraternities, sororities and lodges, excepting those whose chief activity is a service customarily carried on as a business, and private kindergarten, nurseries, and foster children's homes. Appellant urges that since he purchased his property in 1942 there has been a complete change in the character of the buildings in the area; that the evidence shows other property in the neighborhood has been granted a B–3 zoning classification and B–3 zoning represents the logical present use of his land and would be a proper extension of business zoning in that area. He urges that public welfare is not served in continuing A–2 zoning in the area. Appellant further contends that there is no material distinction between the use which he intends to make of his property, that is, an office for the sale of vacuum cleaners, and the uses permitted in A–2 zoning. He urges that because of this fact the refusal of the City to rezone his property was arbitrary and unreasonable. Appellant particularly urges that the A–2 zoning restriction on his property at the present time has resulted and will result in great damage and financial loss to him which out-weighs the expediency of public interest in retaining such restriction. Appellant contends that the evidence is overwhelming and does not present a situation where the facts are fairly debatable; that the undisputed facts show that the City had no reasonable justification for refusing to rezone his property.

Municipal zoning ordinances and regulations are concerned with matters legislative and not judicial. The courts will review such ordinances or acts on their validity to determine whether or not a particular ordinance or regulation is unreasonable and arbitrary or is a proper exercise of the City's police power. 62 C. J.S. Municipal Corporations § 228(1), p. 557. The judicial review, however, is limited to the validity of the ordinance. Courts will not disturb the action of a

municipality in zoning matters unless the ordinance is plainly unreasonable and there is a clear abuse of discretion. Edge v. City of Bellaire, Tex.Civ.App., 200 S.W.2d 224 (Writ Ref.). It is presumed that a zoning ordinance or regulation is valid and the burden of establishing that it is unreasonable or arbitratry rests upon the person making such an attack upon it. City of Dallas v. Lively, Tex.Civ.App., 161 S.W.2d 895 (Writ Ref.). If there is a controversial issue of fact which would authorize the regulation complained of, or if the facts are such that the minds of reasonable men might differ concerning the advisibility or necessity of an ordinance or regulation the courts will not interfere with or disturb the discretion resting in the municipality. Barrington v. City of Sherman, Tex.Civ.App., 155 S.W.2d 1008 (Writ Ref.); Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706 (Writ Ref.). The question of whether or not there is a controversial fact issue which would authorize a municipality to exercise its discretion in the matter of a zoning ordinance is a question of law for the court and not a question of fact for jury determination. City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477.

 The trial court did not err in disregarding the verdict of the jury and in granting the motion of the City of Corpus Christi for judgment non obstante veredicto. Appellant did not discharge his burden of establishing that the action of the City was arbitrary and unreasonable. The record does disclose facts favorable to appellant's proposed change of use of his property. But the facts urged by appellant are evidentiary facts for consideration by the City in passing upon the zoning needs of the area and are not issuable facts for jury determination. There were numerous controversial or debatable issues of fact sufficient to justify the City in exercising its discretion to deny appellant's petition for rezoning.

Appellant's property had been zoned for A-2, apartment and residential use, prior to and ever since he acquired it in 1942. Appellant contends that the City's refusal to rezone his property is unreasonable and arbitrary because of the fact that since he acquired it in 1942 there has been a change in the character of the building of the area; that other property therein has been granted B-3 zoning classification and B-3 zoning represents the logical present use of his land. This contention is not well taken. Appellant, as we understand, does not question the power of the City to enact the zoning ordinance here under attack. The contention is that changed conditions have made its provisions unreasonable and discriminatory as applied to his property at the present time and that the City should, therefore, amend the ordinance. Although a city has authority under proper circumstances to amend a rezoning ordinance by changing classifications of property, this authority should be exercised with caution. Such changes are proper only when the public interest clearly requires the amendment and the determination of the public interest in debatable cases is a matter within the legislative discretion of the City. Clesi v. Northwest Dallas Improvement Ass'n, Tex.Civ.App., 263 S.W.2d 820 (RNRE). Spot zoning is frowned upon. Appellant's lot is located approximately in the middle of the block, with no other zoning classification adjacent to his property except A-2 zoning. There was evidence to the effect that good zoning practice requires the use of streets, alleys and other public ways as boundaries of zoning districts; that it is better practice not to have zoning districts separated by only property lines. The circumstances would be indeed unusual in which it could be said that a city has no discretion whatsoever concerning the manner of original zoning or amendments to zoning ordinances. Such an unusual situation is not presented in this case. There is evidence to the effect that the character of the property of the area in question is in accord with its A-2 zoning use classification. Two clinics have been built in the area since 1948 and a hospital has been

constructed on another block in the area. There was evidence to the effect that the character of the neighborhood was better residential than a higher class apartment residential area, and that there had been an evolution through the years to doctors' offices, clinics and hospitals, and there had been a reliance by the property owners of the area on the A–2 classification to protect the use of their property and to maintain the existing neighborhood character. There was a flower shop in the area operated in violation of the ordinance. There was also property directly across the street which the City in its discretion had granted a B–3 business zoning use. One expert witness testified that this business zoning change which occurred in about 1950 was in the opinion of the witness poor zoning practice and not advisable. The evidence in our opinion simply raises a fact issue concerning the desirability or the wisdom of the rezoning of appellant's property. This is a matter exclusively in the discretion of the City.

We are also of the opinion that appellant's contention that the proposed use of his property as a sales office is not materially different from uses permitted under A–2 zoning and that the City's refusal to rezone his property so as to permit it to be used as a sales office is therefore unreasonable and arbitrary is likewise untenable. The City has the power to provide various uses under a given zoning classification. Some of the uses under different classifications may not seem materially different in their effect on surrounding property and upon the public interest. Of necessity there will be some instances which are borderline cases. Such cases, however, present a matter which rests within the discretion of the City which will not be disturbed in the absence of a clear abuse. It is also noted that a change to B–3 zoning as sought by appellant would permit any of the uses provided for in that zoning classification and would not be limited to use as a sales office.

There is evidence to the effect that it would be advantageous to appellant for his property to be rezoned and given a B–3 classification and that he may suffer financial loss by reason of a continuation of the A–2 zoning classification. Pecuniary loss to the owner of property is only one of the considerations involved in determining the validity of a zoning ordinance or regulation, and the existence of a pecuniary loss because of a restriction does not necessarily invalidate an ordinance. The evidence does not show such hardship, inconvenience or financial loss as to amount to confiscation. The evidence does indicate that there are numerous uses under A–2 zoning that appellant could make of his property. There is other property in the City of Corpus Christi with B–3 zoning suitable to be used by appellant as a location for his sales office. The character of the property in the area in which appellant's lot is located is in accord with A–2 zoning. The change which he urges would not be in accord with the character of the property in the area. The most that can be said of appellant's contention that his financial loss out-weighs considerations of public interest is that it raised a debatable question for the consideration of the City in the exercise of its legislative power of zoning. The anticipated loss and inconvenience of appellant under the circumstances does not render the City's zoning ordinance invalid.

There is also evidence that a traffic congestion and hazard has developed along Santa Fe Street in the area in which appellant's lot is located, and that appellant's proposed use of his property would add to this congestion and hazard. There was testimony by expert witnesses for the City to the effect that additional business zoning in the area of appellant's lot was inadvisible until the traffic problem has been solved. It was indicated that a comprehensive plan covering the entire City is used by the City traffic engineering department in trying to effect a properly regulated traffic system within the City. The

plan contemplates that Santa Fe Street in conjunction with 3rd Street will eventually be one-way streets to and from the downtown area of the City; that street parking on Santa Fe Street in front of appellant's lot would under the plan be entirely eliminated. One of these witnesses testified that the off-street parking plans of appellant were insufficient to meet the basic needs of his proposed sales office. There was other testimony to the general effect that the operation of appellant's sales office on the premises as planned by him would materially affect the traffic congestion and hazard that already exists on Santa Fe Street; that business uses generally create more traffic than A–2 zoning uses. This evidence tends to support the action of the City in refusing to change the zoning classification of appellant's lot. The evidence presents a debatable fact question sufficient to justify the City in the exercise of its discretion to deny appellant's petition to rezone his property.

As previously noted the jury found that there was a public need for the business zoning of his lot requested by Long, that the use which Long intended to make of his property did not tend to materially increase the traffic congestion and hazard existing on Santa Fe Street and that the City acted arbitrarily in refusing Long's application to rezone. We cannot agree with appellant's contention that these findings are controlling. The question of whether the action of the City was arbitrary and unreasonable was a question of law for determination by the court, and the test is whether under the facts reasonable men could honestly differ about the matter. 62 C.J.S. Municipal Corporations § 228(1), pp. 560, 561. The other jury findings involved controverted fact issues, but there were not proper issues for jury determination. On the contrary, they were issues for determination by the City in the exercise of its legislative discretion. King v. Guerra, Tex. Civ.App., 1 S.W.2d 373, 376 (Writ Ref.).

The City of Corpus Christi has exercised its discretion and denied appellant's petition to rezone his property. The action of the City is supported by substantial evidence presenting debatable fact issues concerning which reasonable men might differ. The evidence does not show an abuse of discretion.

The judgment of the trial court is affirmed.