**R. L. BACCUS et ux., Appellants,**

v.

**CITY OF DALLAS et al., Appellees.**

No. 17386.

Court of Civil Appeals of Texas, Dallas.

Jan. 23, 1970.

Rehearing Denied Feb. 13, 1970.

Gerald T. Waters, Hartson, Waters & Stevens, Dallas, for appellants.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, N. Alex Bickley, City Atty., Ted P. MacMaster, Asst. City Atty., Dallas, for appellees.

DIXON, Chief Justice.

Appellants R. L. Baccus and wife Shirley Baccus brought this suit against appellees City of Dallas and Alma McCutchin seeking to have Amendatory Zoning Ordinance No. 10398 declared to be null and void and cancelled in all things. The ordinance rezoned property, including that owned by Alma McCutchin, so that it is now a part of a Shopping Center District.

The McCutchin property is part of the northeast corner at the intersection of LBJ Freeway and Preston Road, both heavily traveled thoroughfares. Some time prior to 1965 the properties in large areas at all four corners of the intersection had been rezoned into LR–3 districts which permitted development and construction of buildings for business uses with certain restrictions. All four corners were zoned alike.

In 1965 the City adopted a new Comprehensive Zoning Ordinance. A copy of the new ordinance is in the record before us. The old classification of LR–3 districts was abandoned. Instead two new classifications were created: Shopping Center Districts, called S.C. Districts, and Planned Development Districts, called P.D. Districts. Both of them are business districts. A site plan, that is, a plan showing what buildings will be constructed, must accompany an application for the creation of a P.D. District.

In the new Comprehensive Zoning Ordinance enacted in 1965 the areas at the four corners of the intersection were not zoned alike. Three of the corners were zoned as S.C. Districts. The area at the other corner, the northeast corner, where the McCutchin property is located, was zoned as a P.D. District. The two classifications are similar in most particulars. Both are business districts. But in a P.D. District a site plan is required and usually some restric-

tions are prescribed which are not prescribed in S.C. Districts. In the instant case the main difference in the P.D. District on the northeast corner was that business buildings were restricted to two and one-half stories in height. There was no such restriction in regard to the height of buildings in the S.C. Districts on the other three corners. Alma McCutchin had not asked for her property to be changed to a P.D. District, or that it be given a different classification than the classification given the properties on the other three corners.

The area in the northeast corner designated in the 1965 Comprehensive Zoning Ordinance as P.D. District No. 16 was about 13.2 acres in extent. The site plan showed a number of buildings to be constructed in the future. Among them was a bank building two and one-half stories in height. To the east was shown an area zoned for residences. This area was separated from the P.D. District by a strip of land called a buffer zone. On the west boundary of the P.D. District site plan was shown a brick wall. The buffer zone and the brick wall are already in existence.

On April 25, 1968 appellee Alma McCutchin, by her attorney, Louis Nichols, filed an application asking the City to rezone approximately eight acres of P.D. District No. 16 into an S.C. District. The remaining five acres were to constitute a P.D. District. The rezoning ordinance sought by Alma McCutchin would permit her to erect a business building on her property twelve or even twenty stories in height.

The City Plan Commission, after a hearing, recommended that the application be denied. However this was done without prejudice to the right of Alma McCutchin to file an application seeking to amend P.D. District No. 16 rather than to ask for the creation of a new S.C. District. By recommending that the application be denied without prejudice it was the intention of the Commission to allow Alma Mc-

Cutchin to file the new application immediately. Otherwise it would not be permissible under the zoning ordinance to file another application until after the expiration of two years.

However, Alma McCutchin chose to appeal to the City Council to overrule the recommendation of the City Plan Commission and to grant her application to rezone part of the P.D. District No. 16 into an S. C. District. Notices were duly sent out and a hearing was held by the City Council. Following the hearing the City Council granted the application of Alma McCutchin by passing Amendatory Ordinance No. 10398. By the provisions of the amending ordinance a new S.C. District of about eight acres was created on the northeast corner of the intersection. It includes the property of Alma McCutchin. The remaining five acres of the old P.D. District were left in a P.D. classification.

Both appellants and appellees filed motions in the trial court for summary judgment. The motion of appellants was denied. The motion of appellees was granted. Judgment was rendered denying appellants any relief whatsoever.

In three points of error appellants assert that in rendering judgment the trial court committed reversible error because (1) the evidence before the City Council did not raise material issues over which reasonable men could differ; (2) the actions of appellees failed to comply with the procedure laid out by Ordinance No. 10962, Sec. 32–100 of the Civil and Criminal Ordinances of the City of Dallas; and (3) the Council failed to comply with Ordinance No. 10962, Sections 10–611 and 32–100. We see no merit in any of the above points.

There are certain legal principles which must guide us in passing on the validity of the ordinance here in question. A city ordinance is presumed to be valid. This presumption applies to amendatory zoning ordinances as well as an original comprehensive zoning ordinance. Courts should not interfere unless the amending ordinance is clearly unreasonable and arbi-

trary and represents a clear abuse of discretion. If the question is fairly debatable, courts will not interfere. The burden rests on one attacking an ordinance to show that no *conclusive* or even controversial facts or conditions exist which would authorize the Council to exercise the discretion confided to it. Whether attacking parties have met their burden is a question of law. If there is an issuable fact whether the ordinance makes for the good of the community, the fact that it may be detrimental to private interest is immaterial. City of Waxahachie v. Watkins et al., 154 Tex. 206, 275 S.W.2d 477 (1955). See also City of Lubbock v. Whitacre, 414 S.W.2d 497 (Tex.Civ.App., Amarillo 1967); City of El Paso v. Donohue, 163 Tex. 160, 352 S.W. 2d 713 (1962); Ray v. City of Dallas, 343 S.W.2d 930 (Tex.Civ.App., Dallas 1961, writ ref'd n. r. e.); Long v. City of Corpus Christi, 315 S.W.2d 24 (Tex.Civ.App., Eastland 1958, writ ref'd n. r. e.); McNutt Oil & Refining Co. v. Brooks, 244 S.W.2d 872 (Tex.Civ.App., El Paso 1951); Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704 (1950); and City of University Park v. Hoblitzelle, 150 S.W.2d 169 (Tex.Civ.App., Dallas 1941, cert. denied, 315 U.S. 781, 62 S.Ct. 806, 86 L.Ed. 1188).

■ Art. 1011e, Vernon's Ann.Civ.St. of Texas, authorizes changes in zoning ordinances from time to time. The statute does not by its terms require that there shall be a change in conditions since the enactment of the Comprehensive Zoning Ordinance. It has been held that such a change is not necessary if the rezoning ordinance bears a reasonable resemblance to the general welfare, to the orderly plan of zoning development and is not objectionable as constituting spot zoning. Reichert v. City of Hunter's Creek Village, 345 S. W.2d 838 (Tex.Civ.App., Houston 1961, writ ref'd n. r. e.); Shemwell et al. v. Speck, 265 S.W.2d 468, 469 (Ky. 1954); Leutenmayer v. Mathis et al., 333 S.W.2d 774 (Ky. 1959); Winslow v. Zoning Board of City of Stamford, 143 Conn. 381, 122 A.2d 789, 794 (Conn. 1956).

■ At the hearing before the Council a résumé of the evidence heard by the Planning Commission was presented, including a lengthy deposition by James M. Schroeder, Jr., Acting Director of the City Plan Department of the City of Dallas. Also numbers of nearby property owners appeared in person, some in favor of the application of Mrs. McCutchin and others in opposition. Everyone was given an opportunity to be heard. Some of the persons who spoke in favor of the application were owners of property in the nearby residential area. It was pointed out that the residential district is now and will continue to be protected by the buffer strip and the brick wall. Also the east side of the proposed bank and office building will have no windows on its east side, so that no lights from within the building can be seen from the residential area. Furthermore the zoning ordinance requires that business buildings sit back from the shopping center boundaries a distance at least twice the height of the building. We cannot say that the evidence before the Council did not raise issues over which reasonable men could differ. Applying the principles enunciated by our Supreme Court in City of Waxahachie v. Watkins, supra, we have concluded that appellants' first point of error should be and it is hereby overruled.

The amendatory ordinance rezones an area of about eight acres owned by Alma McCutchin and Texaco Company. The latter operates a filling station in the southwest corner of the rezoned area. Chrysler Company owns property north of the rezoned area. The Chrysler property, consisting of slightly more than five acres, was part of P.D. District No. 16. Appellants attack the validity of the rezoning ordinance on the ground that the application was signed only in behalf of Alma McCutchin. Sec. 32–100 of Ordinance 10962 contains this recitation: "All petitions for the amendment of this ordinance shall bear the signature of the *owners of all property within the area of request.*" (Emphasis ours.) Sec. 10–611 of Ordinance 10962

provides that applications for a Planned Development District may be made in the same manner as an application for an amendment to the zoning ordinance is made.

■ In our opinion neither Sec. 10–611 nor Sec. 32–100 was violated by appellees' application for an amendment to the zoning ordinance. The application itself was signed by Louis Nichols, attorney. Accompanying the application were letters from Alma McCutchin and Texaco Company addressed to Louis Nichols authorizing him to include their properties in the rezoned area. They are the only property owners "within the area of request."

Chrysler Company did not sign the application, but its property was not included in "the area of request." It still remains in an area where the zoning classification was not changed. The new S.C. District and the remaining P.D. District each comprises at least five acres as required by the zoning ordinance. Appellants' second and third points are overruled.

The judgment of the trial court is affirmed.