R. L. BACCUS et ux., Petitioners,

v.

CITY OF DALLAS et al., Respondents.

No. B–2044.

Supreme Court of Texas.

May 20, 1970.

Rehearing Denied June 24, 1970.

392

Gerald T. Waters, Dallas, for petitioners.

N. Alex Bickley, City Atty., Ted P. Mac-Master and Daniel O. White, Asst. City Attys., Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Dallas, for respondents.

PER CURIAM.

The question in this case concerns the validity of a rezoning ordinance of the City of Dallas. The proponents and the contestants both moved for summary judgment. The trial court granted the motion of the proponents, City of Dallas, et al., and denied the motion of the contestants, R. L. Baccus, et ux. The court of civil appeals affirmed. Tex.Civ.App., 450 S.W.2d 389.

 We agree with the holding of the court of civil appeals that, to prevail in a conventional trial on the merits, the burden is on a contestant to show that no conclusive or even controversial facts or conditions exist which offer support for action of a city's governing body in amending a zoning ordinance. See City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477 (1955). A contestant has the same burden when he seeks a summary judgment invalidating an ordinance. However, that is not the rule for determining whether the proponents of such an ordinance are entitled to a summary judgment sustaining its validity. In moving for a summary judgment, proponents have the burden of establishing affirmatively by summary judgment proofs that conditions either conclusively support passage of the ordinance or make that action debatable or issuable. Only thus may the proponents establish validity of the ordinance as a matter of law as is required by Rule 166–A(c), Texas Rules of Civil Procedure.

 In this case the court of civil appeals affirmed the summary judgment upon the following conclusion: "We cannot say that the evidence before the Council did not raise issues over which reasonable men could differ." If this conclusion is interpreted literally, it will support the trial court's action denying Baccus summary judgment relief but it will not support affirmation of the summary judgment for City of Dallas. Each of the summary judgment motions must stand or fall on its own merits. Tigner v. First Nat'l Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85 (1954). However, taken in context with the court's recitation of evidence before the council, we think the court's statement may be interpreted as an affirmative statement that the evidence before the council raised issues over which reasonable men could differ. As thus interpreted, the conclusion will support the judgment of affirmance.

We agree with the court's conclusion as here restated and refuse the application for writ of error, no reversible error. Rule 483, Texas Rules of Civil Procedure.