M. E. MOORE, Trustee, et al., Appellants,

v.

CITY OF CARROLLTON and Yancey-Camp Development Co., Appellees.

No. 18474.

Court of Civil Appeals of Texas, Dallas.

Dec. 19, 1974.

H. P. Kucera, Dallas, for appellants.

Tedford E. Kimbell, Allen, Knuths & Bracken, Robert L. Dillard, III, Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

BATEMAN, Justice.

This is an appeal from a summary judgment. The parties will be designated as they were in the trial court. The plaintiffs were M. E. Moore, as Trustee and individually, and M. E. Moore, Jr., individually and as sole beneficiary of the M. E. Moore Trust. They sued the defendants, City of Carrollton and the Yancey-Camp Development Company, seeking a declaratory judgment declaring that Ordinances Nos. 550 and 561 of the City of Carrollton, together with the plat filed by Yancey-Camp in connection with Ordinance 561, were all null and void. All parties filed motions for summary judgment and at the hearing thereof the trial court denied plaintiffs' motion and granted that of the defendants and rendered judgment that plaintiffs take nothing.

The undisputed facts, established by the summary-judgment evidence, are that Moore, as Trustee, owns a tract of land abutting on Josey Lane, directly across Josey Lane from the Yancey-Camp property and within less than 200 feet thereof. The Yancey-Camp property lies within the city limits of Carrollton, but the Moore property in question [1] is outside the city of Carrollton. Yancey-Camp Development Company filed a petition to rezone its property fronting on Josey Lane for business and residential development. This included a proposed rerouting of Josey Lane so that it would pass through the Yancey-Camp property for a distance somewhat greater that that of Moore's frontage on Josey Lane. Ordinance 561 was passed and approved on December 3, 1973, rezoning the Yancey-Camp property and rerouting Josey Lane as requested.

Prior thereto, on November 19, 1973, the City of Carrollton adopted Ordinance 550 providing generally that whenever residential property is developed "adjacent to a non-existing major or secondary thoroughfare," and that whenever any residential

1. M. E. Moore, individually, and M. E. Moore, Jr., individually, own a considerable amount of land within the city limits of Carrollton, in addition to their property on Josey Lane.

area is developed, "and a non-existing major or secondary thoroughfare crosses the development, the developer shall provide" all of the necessary paving costs of such secondary and major streets.

In addition to complaining that he was not notified of the hearing on such proposed rezoning of the Yancey-Camp property, and the rerouting of Josey Lane, and given an opportunity to voice his objections thereto, Moore asserts in his petition that the passage of Ordinances 550 and 561 constituted a "trade-out" whereby Yancey-Camp Development Company agreed to pave the streets in the rezoned area at its own expense as consideration for the rezoning and rerouting. It was alleged that Ordinance 550 was violative of Vernon's Tex.Rev.Civ.Stat.Ann. art. 1105b, § 5 [obviously an error; should be § 4 or § 6] (Vernon 1963), which requires the owner of abutting property to pay a maximum of nine-tenths of the cost of paving. Moore also contends that said rezoning and rerouting would significantly decrease the value of his property and not subserve the public welfare, interest, and development of the city. Moore thus raised a serious issue of improper, if not corrupt, action on the part of the City of Carrollton and asserts that he is ready to prove such allegations on a trial of the case.

The trial court, however, sustained defendants' motion for summary judgment. Defendants contended in their motion that pursuant to Tex.Rev.Civ.Stat.Ann. art. 1011f (Vernon 1963)[2] Moore was not entitled to notice of the hearing on the proposed rezoning since he had not rendered any of his property in question for city taxes to the City of Carrollton. Defendants also alleged that Ordinance 550 was not contrary to the provisions of Tex.Rev.

Civ.Stat.Ann. art. 1105b, § 5 [should be § 4 or § 6] (Vernon 1963), and that even if it were, plaintiffs alleged no facts to show that they were affected by or suffered any damage because of the ordinance, and, therefore, had no justiciable interest in or standing to attack the ordinance. It was further asserted that no "trade-out" or contract zoning occurred and that Ordinance 561 was not dependent on or affected by Ordinance 550.

■ Plaintiffs contend in their third point of error that the relocation of Josey Lane was invalid as it was done only for the benefit of Yancey-Camp Development Company, rather than for the benefit of the general public. To rebut this contention, the defendants relied solely upon the presumption of validity of a city ordinance. We sustain the third point and hold that defendants failed to present sufficient summary-judgment proof in this respect. As stated by the Supreme Court in Baccus v. City of Dallas, 454 S.W.2d 391, 392 (Tex.1970):

> In moving for a summary judgment, proponents have the burden of establishing affirmatively by summary judgment proofs that conditions either conclusively support passage of the ordinance or make that action debatable or issuable. Only thus may the proponents establish validity of the ordinance as a matter of law as is required by Rule 166–A(c), Texas Rules of Civil Procedure.

Under *Baccus* defendants cannot base their motion solely on the presumption of validity of an ordinance. As proponents of the motion for summary judgment, they must present summary-judgment evidence showing that facts exist which raise at least a debatable issue as to whether the

2. The pertinent part of the cited statute is: "Written notice of all public hearings before the Zoning Commission on proposed changes in classification shall be sent to owners of real property lying within two hundred (200) feet of the property on which the change in classification is proposed, such notice to be given, not less than ten (10) days before the date set for hearing, to all such owners who have rendered their said property for city taxes as the ownership appears on the last approved city tax roll. Such notice may be served by depositing the same, properly addressed and postage paid, in the city post office."

ordinance was passed in the general public interest rather than for the private benefit of Yancey-Camp Development Company. Bliss v. City of Fort Worth, 288 S.W.2d 558 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.). Since no such evidence was presented, the summary judgment in defendants' favor must be reversed.

■■■ On a trial of the merits of the case, plaintiffs will be under the "extraordinary burden" of showing that no conclusive or even fairly issuable or debatable facts or conditions existed in support of the City's exercise of police power delegated to it by the Legislature. Plaintiffs will also be governed by the well-settled principle that courts may not interfere unless a challenged ordinance is shown to represent a clear abuse of municipal discretion or unless there is conclusive evidence that a zoning ordinance is unreasonable, oppressive, or arbitrary, either generally or as to particular property. City of University Park v. Benners, 485 S.W.2d 773, 779 (Tex.1972), appeal dismissed, 411 U.S. 901, 93 S.Ct. 1530, 36 L.Ed.2d 191 (1973); City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038, 1040 (1940); Baccus v. City of Dallas, 450 S.W.2d 389 (Tex. Civ.App.—Dallas), writ ref'd n. r. e. per curiam, 454 S.W.2d 391 (Tex.1970). A contestant of a zoning ordinance faces the same burden when he seeks a summary judgment. This, however, does not relieve the proponent who seeks a summary judgment from his burden of proof as above stated. Each of the summary-judgment motions must stand or fall on its own merits. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954). The insufficiency of the summary-judgment proof presented by defendants is obvious when compared with the evidence offered in City of University Park v. Benners, 485 S.W.2d 773, 776 n. 3 (Tex.1972), appeal dismissed, 411 U.S. 901, 93 S.Ct. 1530, 36 L.Ed.2d 191 (1973), and that offered in Charlestown Homeowners Ass'n v. LaCoke, 507 S.W.2d 876, 879, 880 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.).

Since the summary judgment must be reversed for the reasons stated, we do not pass on the question, raised by plaintiffs' first point, of whether notice must be given to an owner whose property lies outside the city limits, but within 200 feet of the property on which the change in classification is proposed.

It is unnecessary for us to pass on plaintiffs' second point of error relating to the validity of Ordinance 550 and plaintiffs' standing in court to challenge such validity. The facts pertaining to these matters will no doubt be fully developed at the trial.

■■■ Plaintiffs' fourth point, designated as "ASSIGNMENT OF ERROR NO. FOUR," is as follows:

IN VIEW OF THE ENACTMENT OF ORDINANCE NO. 550, WHICH REQUIRES A DEVELOPER OF PROPERTY TO AGREE TO PAY THE ENTIRE COST OF STREET IMPROVEMENTS AND THE REROUTING OF JOSEY LANE, IT IS QUITE OBVIOUS THAT THE REZONING OF THE PROPERTY OF YANCEY–CAMP DEVELOPMENT COMPANY AND THE REROUTING OF JOSEY LANE WERE A TRADEOUT AND AS SUCH WAS A CONTRACT ZONING, ILLEGAL AND DOES NOT CONSTITUTE GOOD ZONING.

Defendants object to our consideration of this point. We sustain the objection because the point does not comply with Texas Rules of Civil Procedure, rule 418(b) in that it fails to direct our attention to the error relied upon, but is purely argumentative. This point is therefore not considered.

Costs are taxed against appellees, except for the costs incident to the inclusion in the transcript of the trial briefs of the parties. These were included at request of appellants' attorney, in direct violation of the Supreme Court's Order Relating to

 

Preparation of Transcript dated January 20, 1944, as amended by order of October 3, 1972, effective February 1, 1973, appearing following Tex.R.Civ.P. 376–a. Those costs are taxed against appellants.

The judgment appealed from is reversed and remanded for trial.