David ALBERT, Appellant,

v.

CITY OF ADDISON, Appellee.

No. 19438.

Court of Civil Appeals of Texas, Dallas.

Jan. 18, 1978.

Rehearing Denied Feb. 16, 1978.

Wade Starr, Goodstein & Starr, Dallas, for appellant.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

ROBERTSON, Justice.

David Albert sued the City of Addison, seeking a mandatory order to compel the issuance of a special use permit for the sale of alcoholic beverages for off-premises consumption. Alternatively, he sought an injunction to restrain the City from refusing to issue the permit. He alleged that the City acted arbitrarily and discriminated against him in denying the permit, and accordingly, he asserted that the refusal was a constitutionally invalid exercise of the City's police power. The City moved for summary judgment, which was granted and Albert appeals. We affirm.

The primary issue is whether Albert, met his burden to show conclusively that the City's refusal of his application was arbitrary and discriminatory. At the outset, we note that, a suit attacking a zoning decision as arbitrary or discriminatory is governed by the following rules:

(1) If the legislative body determines that facts or conditions exist which warrant a classification, its determination of that issue cannot be disturbed except upon a showing that there is no reasonable basis for the decision;

(2) It will be presumed, in the absence of a clear showing to the contrary, that the governing body had sufficient reason, in view of local conditions, to make the classification;

(3) If there could have existed a state of facts justifying the classification or restriction, the courts will assume that it existed;

(4) The burden of establishing discriminatory action is upon the challenging party, and any reasonable doubts regarding the validity of the classification will be resolved in favor of its validity.

*City of Dallas v. Lively,* 161 S.W.2d 895, 898 (Tex.Civ.App.—Dallas 1942, writ ref'd); *see also City of Waxahachie v. Watkins,* 154 Tex. 206, 275 S.W.2d 477 (1955). These rules differ from normal summary judgment procedure; for in zoning cases, a summary judgment may not be reversed simply because the record presents a question of fact. If a fact issue exists regarding adequacy of the grounds for granting or refusing the permit, we must conclusively presume that the City exercised its discretion properly. *Stearman v. City of Farmers Branch,* 355 S.W.2d 541, 543 (Tex.Civ.App. —Dallas 1962, writ ref'd n. r. e.); *King v. Guerra,* 1 S.W.2d 373 (Tex.Civ.App.—San Antonio 1927, writ ref'd). This is an extraordinary burden, for the refused applicant must conclusively show that no issuable facts or conditions existed which would have supported the City's decision. *City of Bellaire v. Lamkin,* 159 Tex. 141, 317 S.W.2d 43 (1958); *King v. Guerra, supra.* This burden is not changed by the City's filing of a motion for summary judgment. *Stearman v. City of Farmers Branch, supra* 355 S.W.2d at 543. To defeat the City's motion, the opposing applicant must produce sufficient proof to establish his right to relief as a matter of law. Any lesser showing would merely create a fact issue, which must be resolved to support the City's discretion. *See City of Waxahachie v. Watkins, supra* 275 S.W.2d at 481; *City of Dallas v. Lively, supra* 161 S.W.2d at 898.

In the present case, we conclude that Albert has failed to meet his burden to show conclusively that there were no issuable facts or conditions existing which justified the City's denial of the permit. In his answer to the City's motion for summary judgment, Albert only contended that a fact issue was raised regarding the propriety of the refusal. The answer and the supporting affidavit aver the City's refusal to comply with a "position paper" in which, he alleges, the City set forth standards for the issuance of special use permits to inter-

ested property owners. According to his affidavit, Albert relied upon the "position paper," constructed improvements on his property, and then applied for the special use permit. He states that upon application, he was informed that the City was not granting permits to any property located on Inwood Road, and south of Belt Line Road. He alleges that although the "position paper" made no such limitations, this zoning scheme was confirmed when Albert's application was refused, and a permit was granted to Daryl Snaden, owner of property immediately southwest of Albert's land, but south of Belt Line Road. Apparently, these statements are intended to support Albert's claim of discrimination against him and the arbitrary refusal of his application in limiting such permits to a very small portion of the City. However, this affidavit, standing alone, does not conclusively establish Albert's right to relief. At best, the affidavit only raises a fact issue as to whether the City's limitation of such permits to a specific area was justified, and since the City Council is deemed to have made its decision on that issue, its finding is conclusive and cannot be replaced by a subsequent judicial fact determination. *Stearman v. City of Farmers Branch, supra,* 355 S.W.2d at 543.

AFFIRMED.