**David ALBERT, Petitioner,**

v.

**CITY OF ADDISON, Respondent.**

**No. B–7464.**

Supreme Court of Texas.

May 17, 1978.

Rehearing Denied June 7, 1978.

Goodstein & Starr, Wade Starr, Dallas, for petitioner.

Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Robert L. McCallum, Dallas, for respondent.

PER CURIAM.

This is a suit brought by David Albert against the City of Addison seeking a mandatory order compelling the issuance to him of a special use permit for the sale of alcoholic beverages for off-premises consumption. Summary judgment was rendered for the City and affirmed by the Court of Civil Appeals. 561 S.W.2d 576.

In *Baccus v. City of Dallas,* 454 S.W.2d 391 (Tex.1970), we wrote that in moving for a summary judgment the proponents of a rezoning ordinance "have the burden of establishing affirmatively by summary judgment proofs that conditions either conclusively support passage of the ordinance or make that action debatable or issuable." Here the Court of Civil Appeals has held that Albert, the non-movant, had the burden of establishing that the City was not entitled to a summary judgment. The action of the Court of Civil Appeals therefore conflicts with our opinion in *Baccus.*

The City argues that the judgment of the Court of Civil Appeals is nevertheless sustainable because even if the proper burden of proof rule is applied, it has established its right thereto as a matter of law. We disagree. The summary judgment proofs of the City do not meet the requirements of *Bliss v. City of Fort Worth,* 288 S.W.2d 558 (Tex.Civ.App.1956, writ ref'd n. r. e.) in that they fail to show what matters were considered by the City Council at the meeting in which it took the action complained of here.

Pursuant to Rule 483, Tex.R.Civ.P., we grant the Application of Writ of Error and, without hearing oral argument, reverse the judgments of the courts below and remand the cause to the trial court.