**CITY OF MESQUITE, Appellant,**

v.

**James V. COLTHARP, et al., Appellees.**

**No. 05–83–00392–CV.**

Court of Appeals of Texas, Dallas.

Dec. 18, 1984.

Rehearing Denied Jan. 25, 1985.

---

Elland Archer, City Atty., Elizabeth A. Lunday, Asst. City Atty., Mesquite, for appellant.

Jack C. Morgan, Kaufman, Tom Unis, Dallas, for appellees.

Before AKIN, CARVER, and STEWART, JJ.

STEWART, Justice.

The City of Mesquite sought an injunction prohibiting appellees, officers of the Improved Order of Redmen—Cherokee Number 34 (Lodge), from operating a commercial bingo establishment in an area zoned exclusively for general retail use. The lodge responded by seeking an injunction prohibiting interference with their operation and prohibiting prosecution for violation of the zoning ordinance. When the city rested its case, the trial court granted the lodge's motion for judgment and denied the city's application for injunction but granted the lodge's application. The city appeals, urging in four points of error that the trial court erred in determining that the city's comprehensive zoning ordinance does not prohibit the playing of bingo at 108 Town East Shopping Center, Mesquite, Texas; in making seven of its findings of fact and conclusions of law (not stated separately) because they are contrary to the greater weight and preponderance of the evidence and are contrary to law; and in enjoining criminal prosecution of appellees without a finding that the applicable city ordinance was unconstitutional. We reverse the judgment and remand the case for a new trial.

In reviewing the ruling of a trial court on a permanent injunction, the test on appeal is not whether the trial court abused its discretion. Rather, as an appellate court sitting in equity, we must review the ordinance in question together with all the evidence to determine whether the ruling of the trial court was correct, as in any other appellate review. *Electronic Data Systems Corp. v. Powell*, 524 S.W.2d 393, 395 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.).

In 1973 the City of Mesquite adopted a comprehensive zoning ordinance. Both permitted uses and conditional uses are allowed in various districts. The comprehensive ordinance was enacted when bingo was not legal in the state and the ordinance does not specifically address the topic. Eleven types of non-residential districts were created by the ordinance, including "commercial," "light commercial," and "general retail" areas. The trial court found that the fraternal organization was not precluded from operating commercial bingo games in an area designated exclusively for general retail purposes.

The comprehensive ordinance prohibits all uses except those provided expressly or by reasonable implication:

06.00 CONFORMANCE REQUIRED: No land shall be used for and no building shall be erected for, or converted to, *any use other than provided* in the regulations prescribed for the district in which it is located except as hereinafter provided. (Emphasis added)

The city argues that commercial bingo is not permitted within a "general retail" area because it falls within the classification of indoor commercial recreation, which is limited by the ordinance to areas zoned commercial and light commercial. The comprehensive ordinance defines indoor and outdoor commercial recreation as follows:

43.011 INDOOR AND OUTDOOR COMMERCIAL RECREATION: Any type of commercial recreation or amusement, including but not limited to baseball fields, swimming pools, skating rinks, golf driving ranges, drive-in the-aters, miniature golf, carnivals and similar open-air facilities and all indoor facilities provided such establishments shall be a distance of at least one hundred (100) feet from any residential district and that any lighting used to illuminate any commercial recreation shall be so arranged as not to deflect onto any adjacent residential district and all coin-operated music and skill or pleasure machines shall not be exhibited within three hundred (300) feet of a church, school, or hospital ...

■■■ The record reflects that the trial court construed this section, based on the specific items listed, to concern special use facilities or buildings where the structure lends itself primarily to only one use or character of use. Because playing bingo does not require a special or single use facility, the trial court concluded that bingo was not within the definition of indoor commercial recreation. The trial court's construction of this section might be correct if we were determining whether a given activity is outdoor commercial recreation, but it has no application to the definition of indoor commercial recreation. As we construe this section, indoor commercial recreation means "any type of commercial recreation or amusement ... [in] all indoor facilities." We conclude, therefore, that the lodge's commercial bingo operation is indoor commercial recreation, as defined in the ordinance, and limited to areas zoned "commercial" and "light commercial."

Nevertheless the lodge argues that it did not violate the zoning ordinance because: (1) fraternal organizations are not prohibited from conducting their business in general retail zoned districts and bingo is an incidental or secondary activity of appellees; (2) the lodge qualifies for a nonconforming use; and (3) the lodge's bingo has no adverse effect in the area and the city's interpretation of the zoning ordinance is arbitrary and unreasonable.

■■■ The parties stipulated that fraternal organizations are allowed to meet in districts zoned general retail. The trial court found, "That the playing of commercial

bingo by the Redman's Fraternal Lodge is a secondary or incidental activity for fund raising...." Further, the city's expert witness, Frost, testified that, if indoor commercial recreation is not the primary purpose and use of a premises, then the operation of such activity in the general retail district is not a violation of the ordinance. Thus, the lodge contends that the ordinance does not prohibit its bingo operation. We would agree if the record contained evidence to support the trial court's finding that commercial bingo is a secondary or incidental activity of the lodge at the Town East Shopping Center. The record reflects that the lodge conducts commercial bingo games there for four hours, three nights a week. The city maintains that this bingo operation is the lodge's primary use of the premises, rather than its use of the premises as a place to conduct its meetings. The lodge offered no controverting evidence on this question. Consequently, the trial court erred to the extent that it based its denial of the city's application for injunction on its finding that playing bingo was a secondary activity of the lodge.

■ The lodge also contends that its bingo operation is authorized as a nonconforming use because it was playing bingo prior to the November 1, 1982, amendment to the zoning ordinance. The amendatory ordinance reads in pertinent part:

> 07.00 EXISTING NON–CONFORMING USES—CONTINUATION:
>
> * * * * * *
>
> Provided, further that fraternal organizations organized for charitable purposes operating Bingo games at a location prior to January 1, 19[80], may continue to operate in the same location without a zoning change but shall not move said operation to a new location unless such location shall comply with the current requirements for indoor commercial recreation.

The lodge's reliance on the amendatory ordinance is misplaced. The comprehensive zoning ordinance of 1973 controls whether commercial bingo is a nonconforming use, not the November 1, 1982, amendment.

The operation of commercial bingo was an illegal use of property at the time the comprehensive ordinance went into effect. Thus, the city could have prohibited it under that ordinance in all zoned districts and at any time thereafter until commercial bingo was legalized in Mesquite in April of 1982. Thereafter, commercial bingo was converted from an illegal use to a conditional use as indoor commercial recreation in commercial and light commercial zoned districts. By enacting the amendatory ordinance, the City Council recognized that commercial bingo is a nonconforming use of property in areas that do not allow indoor commercial recreation and it authorized this nonconforming use for fraternal organizations satisfying the requirements of that ordinance. This amendment, on its face, does not apply to the lodge because it is undisputed that it was not operating bingo games at 108 Town East Shopping Center prior to January 1, 1980.

■ The lodge also argues that there is ample proof that the prohibition of bingo in this area is not an essential part of the general zoning scheme and that the protection afforded the general public is negligible when compared to the damage to the lodge if bingo is prohibited. To support its position the lodge cites *City of West University Place v. Ellis*, 134 S.W.2d 1038 (Tex.Comm'n App.1940, opinion adopted). In that case, the Commission of Appeals quotes the following portion of the Texas Supreme Court opinion in *Houston & T.C. Ry. Co. v. City of Dallas*, 98 Tex. 396, 84 S.W. 648 (Tex.1905):

> [T]he courts may inquire into the reasonableness of a proposed exercise of [the police power], and may deny the right where the public protection to be accomplished by a city ordinance involves an oppressive loss to the property owner affected, in proportion to the good accomplished, the question of reasonableness being one of law, but dependent upon the facts to be established.

*Ellis*, 134 S.W.2d at 1040. In attempting to apply this standard to this case, we conclude that we are unable to determine

the reasonableness of the city's proposed enforcement of the ordinance because no evidence was introduced as to the "oppressive loss" that the lodge would suffer if the city were allowed to proceed. The lodge will have the opportunity on remand of this case to develop its evidence on this issue.

 Finally, the lodge maintains that the city's interpretation of the zoning ordinance is arbitrary and unreasonable because enforcement of the ordinance against the lodge's property bears no substantial relation to the health, safety, morals, or general welfare of the community. A comprehensive zoning ordinance is presumed to be valid, *City of Fort Worth v. Johnson,* 388 S.W.2d 400, 402 (Tex.1964), and this presumption of validity also applies to an amendatory ordinance, *Baccus v. City of Dallas,* 450 S.W.2d 389, 391 (Tex.Civ.App. —Dallas 1970), *writ ref'd n.r.e.,* 454 S.W.2d 391 (Tex.1970). Adoption of a zoning ordinance by the governing body of a city represents the exercise of a delegated legislative discretion. Enforcement or non-enforcement is not a matter for judicial discretion. If evidence is conclusive that the zoning ordinance is arbitrary and unreasonable, it is the duty of the courts to refuse to enforce it. In the absence of such proof, it is the duty of the courts to enforce it. *City of Fort Worth,* 388 S.W.2d at 402.

 The only evidence supporting the lodge's contention that enforcement of the ordinance against its property bears no substantial relation to the health, safety, morals, or general welfare of the community follows. On cross-examination by the lodge, Frost, the city's expert witness, testified she was not in any physical danger when she played bingo at the shopping center; that she assumed the noise did not carry outside; that there might be some disturbance from traffic, but that bingo players make no more noise with their cars than someone going to a fraternal meeting. In addition, Hanz, the City Planner, testified on cross-examination that the only problem he had with putting indoor recreation in a general retail area was the in-

creased traffic load that the recreation would create; that the shopping center was located at the intersection of two 6-lane thoroughfares; that as far as he knew there was plenty of parking; that there were sufficient exits to and from the center; and that the effect of traffic would not create a problem just by this one particular use [of indoor commercial recreation in the lodge's premises]. This evidence is insufficient to meet the lodge's burden to show that no conclusive or even controversial facts or conditions exist which offer support for the action of the city's governing body in enacting or amending an ordinance. *Baccus,* 454 S.W.2d at 392. If reasonable minds may differ as to whether a particular zoning restriction has a substantial relationship to public health, safety, morals, or general welfare, no clear abuse of discretion is shown by the governing body and the restriction must stand as a valid exercise of the city's police power. This issue is a question of law, not of fact. *City of Waxahachie v. Watkins,* 154 Tex. 206, 275 S.W.2d 477, 481 (1955). Since the court granted a motion for judgment at the end of the city's case-in-chief, the lodge has not yet had an opportunity to meet its burden by direct evidence. The city's third point of error is sustained.

Further, for the reasons stated above, we also sustain the city's fourth point of error and hold that under this record the trial court erred in its findings of fact and/or conclusions of law that:

10. Defendants were lawfully conducting Bingo games at 108 Town East Shopping Center on and prior to November 1, 1982.

11. That the Comprehensive Zoning Ordinance of the City of Mesquite does not prohibit the playing of Commercial Bingo.

12. That Commercial Bingo is not "indoor commercial recreation" as defined in the Comprehensive Zoning Ordinance of the City of Mesquite.

* * * * * *

15. That Defendants have not violated the zoning ordinances of the City of

Mesquite by conducting bingo games at 108 Town East Shopping Center, Mesquite, Texas.

16. Defendants, as officers of the Improved Order of Red Men—Cherokee # 34, a non-profit fraternal organization have complied with all of the City of Mesquite and State of Texas laws and hold a Texas License to Conduct Bingo at 108 Town East Shopping Center, Mesquite, Texas.

17. That Plaintiff should desist and refrain from interferring [sic] with Defendant's use of the premises at 108 Town East Shopping Center in Mesquite for conducting bingo games as defined by the Bingo Enabling Act because of any violation of the Comprehensive Zoning Ordinance and/or Ordinance 1838 of the City of Mesquite and from filing and/or prosecuting criminal proceedings against Defendants for alleged violations thereof.

18. The Comprehensive Zoning Ordinance of the City of Mesquite and any amendments thereto, do not prohibit the Improved Order of Red Men—Cherokee # 34 from meeting and/or conducting bingo games as defined by the Bingo Enabling Act of Texas at 108 Town East Shopping Center, Mesquite, Texas.

 In its second point of error, the city urges that the trial court erred because it enjoined criminal prosecution of appellees without a finding that the applicable city ordinance is unconstitutional. We need not reach this point of error under the state of the record in this case. However, because we are remanding this case for a new trial, we make the following observations. The trial court erred in granting the lodge's application for injunction when it granted its motion for judgment at the end of the city's case-in-chief because the evidence offered by the lodge through its cross-examination of the city's witnesses was insufficient to overcome the presumption of the ordinance's validity un-

der the *Baccus* standard. Of course, at that time, the lodge had offered no direct evidence to support its application. The trial court apparently reasoned that, because it concluded that the ordinance did not prohibit commercial bingo at 108 Town East Shopping Center, the lodge was automatically entitled to relief. This is not the law.

 The rule is well established that courts of equity will not ordinarily enjoin the enforcement of a penal ordinance even though it is void. But, when the ordinance is void and its enforcement constitutes an invasion of the complainant's vested property right, its enforcement will be enjoined. *City of Kermit v. Spruill*, 328 S.W.2d 219, 221 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.). The burden is on the lodge to establish facts which entitle it to an injunction. *Roberts v. Gossett*, 88 S.W.2d 507, 509 (Tex.Civ.App.—Amarillo 1935, no writ). Thus, the lodge must prove either that the ordinance is invalid and its enforcement invades a vested property right or that the ordinance as applied to its property was arbitrary and unreasonable. *City of Fort Worth*, 388 S.W.2d at 402. These matters have yet to be developed. Consequently, we hold that the trial court erred in granting the lodge's application for injunctive relief.

We deny the city's request that we reverse and render judgment granting it injunctive relief because the record does not establish that the city is entitled to an injunction as a matter of law. However, since the case must be reversed on the city's third and fourth points of error, we conclude that the entire case should be remanded for a new trial because additional matters of fact must be ascertained and the matter to be decreed is uncertain. TEX.R.CIV.P. 434. Accordingly, we reverse and in the interest of justice remand the entire case for a new trial. *Carnes v. Meador*, 533 S.W.2d 365, 372 (Tex.Civ.App. —Dallas 1975, writ ref'd n.r.e.). Further, because we hold that the lodge is not entitled to any relief under this record, the injunction against the city enjoining it from

interfering with the lodge's operation and from criminal prosecution against the lodge is hereby dissolved.

Reversed and remanded for new trial. Costs to appellees.

CARVER, J., dissenting.

CARVER, Justice, dissenting.

I respectfully dissent and would affirm the trial court's judgment denying the City the injunction it sought, because the City failed to persuade the trier-of-fact either that bingo was a property use inconsistent with the zoning of the Lodge's property or that bingo, by its nature, required a special use permit.

The witnesses offered by the City conceded that the zoning ordinance, when written, did not attempt to zone for bingo, whether specifically or as a part of any "special use" provision. Nevertheless, the City sought to persuade the trial court that the terms of the zoning ordinance were broad enough to make bingo an excluded use, or, at least, that bingo requires a "special use" permit. Initially the City points out that its zoning ordinance forbids any use of property if such use is not specifically allowed by the terms of the ordinance. Consequently, since bingo was not named in the zoning ordinance as a permitted use, *ipse dixit*, such use was prohibited. I would hold that every property owner has the right to use his property as he sees fit unless the City can show that some particular use is so contrary to the health, safety, morals, or general welfare of the community, as to warrant the denial of that particular use. *City of Bellaire v. Lamkin*, 159 Tex. 141, 317 S.W.2d 43, 47 (1958). I would further hold that no zoning ordinance may turn the law around and merely give the property owner the use, or uses, of his property the City *grants* while denying all other uses *whether or not such other and prohibited uses have or bear a reasonable and substantial relationship to the health, safety, morals, or general welfare of the community.* I would reject the City's first argument that bingo was

prohibited because the zoning ordinance did not specifically permit such a use.

The City next argues that even if bingo was a permitted use, (since nowhere prohibited), bingo was still by its nature a use that required a special permit under the zoning ordinance. The City asserts that bingo is an "indoor recreation" as defined in Sec. 43.011 of the City's zoning ordinance. Sec. 43.011 provides:

43.011 INDOOR AND OUTDOOR COMMERCIAL RECREATION: Any type of commercial recreation or amusement, including but not limited to baseball fields, swimming pools, skating rinks, golf driving ranges, drive-in theaters, miniature golf, carnivals and similar open-air facilities and all indoor facilities provided such establishments shall be a distance of at least one hundred (100) feet from any residential district and that any lighting used to illuminate any commercial recreation shall be so arranged as not to deflect onto any adjacent residential district and all coin-operated music and skill or pleasure machine shall not be exhibited within three hundred (300) feet of a church, school, or hospital....

The majority opinion holds that this section is construed to mean that "indoor commercial recreation means 'any type of commercial recreation or amusement ... (in) all indoor facilities.'" I disagree. Indoor recreation alone bears no reasonable or substantial relationship to the health, safety, morals, or general welfare of the community. If, as with outdoor recreation, noise, congregations of people, parking of cars, night illuminations, and similar intrusions on the neighbors were generated, then the ordinance might bear that "reasonable and substantial relationship" warranting regulation. In this case, the City's own witnesses testified that there was no observable effect—lights, people, cars, traffic, parking, noise, etc.—occasioned by bingo being played in the Lodge. These same witnesses were unable to factually distinguish the "indoor recreation" offered by the theatre (next door to the Lodge) without a special use permit and the "in-

door recreation" of the Lodge playing bingo which, the City urged, required a special use permit. Upon this testimony, I would hold that the City failed to show that bingo-playing in a Lodge located in a commercial area (including a theatre) without generating any noise, lights, traffic hazards, or personal safety hazards, bore any reasonable or substantial relationship to the health, safety, morals, or general welfare of the community so as to justify zoning or special use regulation. I would reject the City's second argument.

In the absence of any specific use violation, or in the absence of any violation of the special use regulation under the facts, the City failed to make its case for injunction and the trial court properly entered judgment denying the City relief.

I further respectfully dissent to the majority holding that the trial court erred in granting the relief requested in the Lodge's cross-action. The trial court enjoined the City from attempting to enforce the purported zoning or "special use" regulation, so that there would be no interference with the playing of bingo at the Lodge.

By the testimony of its own witnesses, the City proved the Lodge's case in that no violation of zoning was shown and no special use permit could be reasonably required. While equity will not ordinarily enjoin the enforcement of a zoning ordinance, including its penal provisions, *State v. Logue*, 376 S.W.2d 567, 569 (Tex.1964); *Kemp Hotel Operating Co. v. City of Wichita Falls*, 141 Tex. 90, 170 S.W.2d 217, 219 (1943), there is a recognized exception when the zoning ordinance or its interpretation by the City is unconstitutional or otherwise void. *Logue*, 376 S.W.2d at 569; *City of Austin v. Austin Cemetery Assn.*, 87 Tex. 330, 28 S.W. 528, 530 (1894). Here, the City sought to take the right of the property owner to play bingo, a lawful act, upon and within an area zoned for uses indistinguishable from bingo. Further, the City sought to exact from the owner the burden and fee for an "indoor recreation" special use permit when bingo did not pro-

duce the attributes of noise, lights, traffic, or danger which justified the "special use" regulation by its own terms. I would hold that the Lodge made out its right to equity's relief from the testimony—nay, confessions—out of the mouths of the City's own witnesses. Our record is silent as to any lawful justification, in the sense of the preservation of the health, morals, safety or public welfare of the community, for the City's effort to impose any restriction upon the Lodge's conduct of bingo on its premises. The trial court so found; the evidence supports the trial court finding; and this Court is not authorized to substitute its findings for those of the trial court. Consequently, this Court should, and I would, affirm the judgment of the trial court in denying the City relief and granting the Lodge relief.